### BATON ROUGE PRODUCTION CREDIT ASS'N v. NEWSOM.

### No. 2111.

Court of Appeal of Louisiana. First Circuit.

March 4, 1940.

This suit was once before this court on application for a writ of mandamus by the defendant to compel the district judge to grant him a suspensive appeal from a judgment sustaining an exception of no cause of action and dismissing his suit for an injunction to restrain the sale of certain of his property under chattel mortgage foreclosure. He obtained the relief he then sought (191 So. 154) and in compliance with the decree of this court the case is now before us on appeal.

The defendant, who is now plaintiff in injunction, sought to obtain an order enjoining the sale under foreclosure on the ground that the sheriff had seized some of his property which was not covered by or described in the act of chattel mortgage granted by him in favor of the mortgagor, the seizing creditor herein. He set out also, as a further ground, that the property was not sufficiently described in the act of mortgage so that it could be identified.

The chattel mortgage was one evidently granted, and the act executed in conformity with the provisions of Act No. 67 of 1934. Under that act it is provided: "that a chattel mortgage granted on livestock or poultry of a named class, or classes, owned at the time of the execution of the mortgage and on such additions thereto as may thereafter come from natural increase or otherwise, and described as all livestock or poultry of a particular class owned at the time and to be acquired thereafter, with the parish or parishes of location set out, shall be valid and such description shall be sufficient for all purposes."

The description clause in the act of mortgage here under consideration begins as follows: "All cattle, horses and farm implements presently owned by mortgagor and to be hereafter acquired by mortgagor and located in Tangipahoa Parish, Louisiana, and all additions thereto as may here-

after come from natural increase or otherwise. Said property, at this time, being more particularly described as follows: * * *." Then follows a more detailed description including the number of cows, heifers and calves, a bull, three horses, each called by name, and the color of each being given, and lastly a complete description of certain farming implements. The mortgagee's complaint is that there were more cattle of each class seized than are enumerated in the description in the act of mortgage but that, in our opinion, no doubt, is because of the addition to the herd from natural increase or from purchases, all as contemplated under the statute which specially provides that they are included in the mortgage and that a description referring to them in that form shall be sufficient for all purposes.

We believe that counsel for defendant appreciate the force of the mortgagor's contention as they have devoted their argument and brief principally to the point now urged by them which is to the effect that Act No. 67 of 1934 has been repealed by Act No. 178 of 1936, and was no longer in effect when the act of chattel mortgage in this case was executed on December 21, 1937.

On examination of Act No. 178 of 1936 we find it to be a special amending statute enacted to amend Section 2 of Act No. 198 of 1918 as amended by Act No. 189 of 1932, and sections 4 and 5 of the same act as amended by Act No. 81 of 1922 and Act No. 232 of 1924. Act No. 198 of 1918, sections of which are re-amended by Act No. 178 of 1936, comprises the general chattel mortgage law of Louisiana. The amending Act No. 178 of 1936 contains merely the general repealing clause to the effect that all laws or parts of laws in conflict therewith are repealed. It does not pretend to repeal Act No. 67 of 1934 but the contention is that it does so by implication.

Aside from the consideration that repeals by implication are not favored in law, there is a more important reason why we must hold that there was no repeal in this instance as contended for by counsel. Act No. 67 of 1934 is a special statute, enacted clearly for a special purpose. Act No. 178 of 1936, on the other hand, is a statute dealing with the chattel mortgage law in general. The jurisprudence as we construe it, is that a general law will not repeal a special statute unless it expressly does so or is conflicting with a special stat-

ute to such extent that the two "cannot be reconciled and cannot stand, co-existing, under any circumstances." City of New Orleans v. Poydras Orphan Asylum, 33 La. Ann. 850; Welch v. Gossens, 51 La.Ann. 852, 25 So. 472. There is no express repeal, as we have already stated, of Act No. 67 of 1934 by Act No. 178 of 1936, and reading them together we are unable to find conflict between them to that extent as pointed out in the decisions cited.

The Articles of the Civil Code referred to by counsel for defendant, especially Article 3308 which forbids the mortgaging of "future property" relate to the mortgaging of immovables and contain nothing that is in conflict with Act No. 67 of 1934 which, as we have seen, is an act providing in a special manner for the granting of a chattel mortgage on the additions, by natural increase or otherwise, to a herd of cattle or a flock of poultry.

We have concluded that the judgment of the lower court which sustained the exception of no cause of action and dismissed the petition for injunction is correct, and it is therefore affirmed at the costs of the appellant.