ST. PAUL,. J.
Plaintiff sued out an injunction restraining defendant from doing certain things, and prayed that the injunction be perpetuated. There was judgment as follows:
“In this cause, after answer filed,.case having been regularly set down for trial and trial had, the law and evidence being in favor thereof, it is ordered, adjudged, and decreed that plaintiff’s demand be rejected and the writ of injunction herein sued out be dissolved.”
Whereupon plaintiff prayed for an appeal suspensive and devolutive. But the trial judge refused a suspensive appeal from so *19 much, of the judgment as dissolved the injunction, and plaintiff applies for relief.
 It is immaterial what might or might not have been plaintiff’s right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. C. P. art. 565. And having a right of appeal, the law itself regulates the effect to be given to such appeal. The suspensive appeal is the rule (C. P. art. 575); the nonsuspensive appeal the exception (C. P. art. 580). That is to say some judgments may not be appealed at all. C. P. arts. 566, 567. But when appealable a judgment may always be appealed from suspensively, unless it come within one of the excepted classes. This case does not.
Decree.
l¡t is therefore ordered that the mandamus herein issued be made peremptory, and that the respondent judge do allow plaintiff a suspensive appeal from the judgment aforesaid and fix the amount of bond for such appeal.