On Motion to Dismiss.
 

 OVERTON, J.
 

 The plaintiffs in this case are'the widow and the minor children of George G. Snow-den, deceased. They are the owners of a large quantity of land, comprising 19,994.89 acres, subject to overflow, located within the boundaries of the Red River and Bayou des Glaises levee and drainage district. The levee district has assessed against the land an ad valorem tax, amounting to $600, and an acreage tax, amounting to $3,998, for the year 1929, which the sheriff intends to collect, unless restrained.
 

 Plaintiffs contend that the levy of these taxes can be of no benefit to their land, since the district has- abandoned all hopes and plans for furnishing protection- to the property, and that to enforce payment of them is to deprive plaintiffs of their property without due process of law, in violation of the Constitution. Other grounds of unconstitutionality and nullity are urged against the .taxes or some part of them.
 

 The prayer of the petition is that a rule nisi issue, directed to the commissioners" of the levee district, to the sheriff and ex officio tax collector, and to the assessor of the parish of Avoyelles, ordering them to show cause why a preliminary writ of injunction should not issue, restraining them from attempting to collect the taxes, levied against the property, for the year 1929; that the writ of injunction, in due course, be perpetuated; that there be final judgment, declaring the levy of the taxes null and void; and that, in the alternative, it, at least, be decreed that the acreage tax is unconstitutional, or, in any event, that this tax is null in so far as the board of commissioners of the levee district increased it from seven cents to twenty cents
 
 *452
 
 an acre; and'that the act of the Legislature, purporting to authorize its increase, be decreed to be superseded by the Federal Flood Control Act of May 15, 1928 (33 USCA §§ 702a-702m, 704). ' '
 

 The trial court ordered the rule nisi to issue. The sheriff and the levee district appeared and filed exceptions of no cause of action to plaintiffs’ petition. The assessor appeared and filed an exception of estoppelBoth the sheriff and the assessor, in their exceptions, ask that, under the provisions of section 56 of Act 170’ of 1898, there be awarded against plaintiffs 10 per cent, on the amount of the taxes and penalties collected, as costs, for the benefit of their respective attorneys, who represent them herein.
 

 After the exceptions were heard, the court took them under advisement. While they were under advisement, no restraining order having issued, the sheriff proceeded to advertise the property for sale for the levee taxes, assessed against it, the remaining taxes having been paid. The day of sale approaching, the judge’s attention was called to the fact, and he then, in order to keep matters in statu quo, while the exceptions were under advisement, of his own motion, and without objection from either side, issued a restraining order, prohibiting the sheriff from proceeding with the sale, until the further orders of court.
 

 Later, the court rendered judgment, sustaining the exceptions of no cause of action and the one of estoppel, dissolving the restraining order, refusing to issue the injunction, and dismissed plaintiffs’ suit at their costs. The judgment allows the sheriff and ex officio tax collector, against plaintiffs, 10 per cent, attorney’s fees on the principal and interest of the taxeSj .the'collection of which plaintiffs sought to enjoin, the fees to be collected as costs {)y the tax collector- with -the' taxes,
 
 involved
 
 in' the suit, as provided by section 56 of Act 170 of 1898.
 

 Plaintiffs obtained an order for both a suspensive and a devolutive appeal from the judgment rendered, and furnished bond for e'ach appeal.
 

 Defendants have moved to dismiss :the suspensive appeal taken, on the ground that plaintiffs are not entitled to a suspensive appeal from the judgment rendered, since a suspensive appeal does not lie from a judgment,
 
 dissolving
 
 a restraining order and refusing to issue an injunction.
 

 A restraining order is intended to serve only a temporary purpose, namely, to maintain the status quo until, after a hearing, the judge determines whether the preliminary injunction, prayed for, should be granted. That such an order is intended to serve only a temporary purpose appears, not only from the fact that in the very law that provides for its issuance it is designated a “temporary ref-straining -order,” but also from the fact that it expires within suen time after entry as the court may fix, which must not exceed ten days, unless within- the time so fixed the order is extended for a like period for good cause shown. Section 2 of Act 29 of 1924. When the judge decides that the injunction should not issue, the restraining order has served its purpose. Therefore, no appeal, whether devolutive or suspensive, lies from an order, dissolving a restraining order. Section 5 of Act 29 of 1924. But, a devolutive appeal lies from an interlocutory order or decree, refusing to grant a preliminary injunction, but not a .suspensive appeal. Section 5 of Act 29 of 1924.
 

 . [4] If the judgment, appealed from, were merely an interlocutory decree, dissolving a restraining
 
 order
 
 and ref using,’.to issue an
 
 *454
 
 injunction, it would be beyond dispute, undér the very terms of Act 29 of 3924, that only a devolutive appeal would lie, and that, only from the order refusing to grant ¡the preliminary injunction. But, the judgment does more than that. It sustains exceptions of no cause of action, directed against plaintiffs’ petition, and also a plea of estoppel, and dismisses plaintiffs’ suit, which includes, not only a demand for the injunction, but also a demand to declare null the taxes, sought to, be collected, and assesses a penalty against plaintiffs. Such a judgment is not an interlocutory decree, but is a final judgment. It determines the entire case, as presented by the pleadings, leaving nothing more for the trial court to pass upon, in the case. Code of Practice, art. 539; Martel v. Rovira, 164 La. 1099, 115 So. 283.
 

 Since the judgment, appealed from, is a final judgment, resort must be had to the laws, governing appeals generally, to determine what kind of an appeal may be taken. Washington v. Page & Son, 165 La. 1000, 116 So. 486. The general rule of law is that, when a judgment is appealable, a suspensive appeal, if timely taken, always lies, unless .the judgment comes within one of the excepted classes. Thus, in Young v. Village of Bossier City, 152 La. 18, 92 So. 719, it was said:
 

 “It is immaterial what might or might not have been plaintiff’s right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. C. P. art. 565. And having a right of appeal, the law itself regulates the effect to be given to such appeal. The suspensive appeal is the, rule (C. P. ant. 575); the nonsuspensive appeal the exception (C. P. art. 580). =i That is to say some judgments may not be appealed at all. C. P. arts. .566, 567. But. when appealable a judgment may always be -appealed from suspensively, unless it comes within' one of the excepted classes. * * * ” -
 

 The final judgment, appealed from, in this case, does not -come within one of ¡the exceptions to the rule. Hence, a suspensive appeal lies from it. It does not follow, however, that a suspensive appeal, in every instance, has any greater effect than would a devolutive appeal. The judgment may decree nothing to suspend. In this instance, no preliminary injunction ever issued, and hence no preliminary injunction was ever dissolved, to be reinstated, as it were, by a suspensive appeal. Therefore, unless the restraining order, granted by the trial judge, while the rule nisi wds pending before him, is effective, during the period of a suspensive appeal by virtue of its reinstatement as .a consequence of the appeal, there is no reason why'the sheriff may not proceed to enforce payment of the taxes, for the restraining order.'is all that pro-vented him from doing so at any time.
 

 The restraining order, however, ceased to operate, if it had not already ceased to be effective, pretermitting its dissolution by the trial judge, when he refused to grant the injunction. The order had then served its purpose. The law does not contemplate that a restraining order, granted by the trial judge, pending an application for a preliminary injunction, should be, as it were, reinstated by a suspensive appeal, and operate during the pendency of the appeal. It contemplates that such an order shall pass out of existence, and so remain, in the lower court: This appears from the fact that the effectiveness of such
 
 *456
 
 orders are limited in time, which, in no instance, may exceed ten days from their entry, unless the time, for cause shown, be extended, for another like period. Section 2 of Act 29 Of 1924. This limitation of the time precludes any idea that a restraining order, granted, pending an inquiry in the trial court, is reinstated by, and operates, during the pendency of a suspensive appeal. It would be utterly impossible to -dispose of the appeal before ithe stay order expired, and, if it were possible to obtain extensions, the number of extensions that would be required would render the proceeding utterly impracticable. Hence the suspensive appeal does not prevent the sheriff from proceeding to enforce payment of the taxes.
 

 As to the 10 per cent, attorney’s fees, which the judgment allows against plaintiffs, the suspensive appeal has the effect of suspending their collection. The judgment casting plaintiffs for these fees was rendered under section 56 of Act 170 of 1898, page 373, and is, in accordance with this section, a judgment against plaintiffs, in the nature of a penalty, for which they are personally liable. It is true that the section, after providing that the fees shall be paid by the party against whom the judgment is rendered, provides that they shall be collected by the tax collector as costs at the same time that the taxes and other penalties are collected, but this provision, as to the manner of collection, is purely directory, at least where the fees are in contest.
 

 While the suspensive appeal, in this case, may not be of any great benefit to plaintiffs, yet, as the law allows it, it should not be dismissed.
 

 The motion to dismiss is therefore denied.
 

 O’NIELL, O. J., concurs in the result.