147 So. 365

AGRICULTURAL SUPPLY CO., Inc., v. LI-
VIGNE et al. (LIVIGNE, Intervener).

No. 32249.

March 27, 1933.

Ponder & Ponder, of Amite, for relator.

Ellis, Ellis & Ellis, of Amite, for respond-
ent.

LAND, Justice.

Agricultural Supply Company, Inc., obtain-
ed judgment for about $700 against the de-
fendants Biaggio and Caterina Livigne, and
seized under execution a block and a half
in the town of Independence, parish of Tan-
gipahoa, and advertised same for sale.

Relator, Frank P. Livigne, intervened in
the seizure, alleging that he had purchased
from defendants on August 2, 1930, for the
price of $2,500, the property herein seized by
plaintiff, and had duly recorded his notarial
act of sale; but that, subsequent to his pur-
chase and the recordation of his deed, plain-
tiff obtained judgment against his vendors,
and on December 1, 1932, seized the property
of relator and advertised same for sale on
January 14, 1933.

Relator filed a rule for a preliminary in-
junction returnable on January 12, 1933, and,
upon failure of the district judge to appear,
the rule was continued, and relator then ob-
tained a temporary restraining order for a
period of ten days, pending the trial of the
rule for a preliminary injunction.

When hearing was had on the rule, re-
spondent judge proceeded to render judgment
decreeing the sale from defendants to rela-
tor to be a pure simulation and null and void,
as specially set up in answer of plaintiff, de-
fendant in rule. He also dismissed the rule

at relator's costs, and reserved to plaintiff the right to sue for damages for the wrongful issuance of the temporary restraining order herein granted.

Relator timely applied for a suspensive appeal from the judgment herein rendered against him. Respondent judge refused to grant the application and, thereupon, relator petitioned to this court for writs of prohibition and mandamus to stay further proceedings and to compel the granting to him of a suspensive appeal.

On the trial of the rule for a preliminary injunction, the only question for decision before respondent judge was whether such injunction should be granted or refused. Act No. 29 of 1924, § 2.

It is true that a suspensive appeal cannot be applied for as a matter of right from an order granting or refusing a preliminary injunction. Act No. 29 of 1924, § 5.

But, in the case before us, respondent judge has not only refused to grant a preliminary injunction, but has passed also upon the merits of the case, by decreeing the nullity of the sale from defendants to relator of the property herein seized by plaintiff.

Necessarily, this is a final judgment from which relator has the right to prosecute a suspensive appeal to this court. C. P. arts. 539, 565.

It is therefore ordered that a peremptory writ of mandamus issue herein to respondent Judge, the Hon. Nathan B. Tycer, directing him to grant relator, Frank P. Livigne, an order for a suspensive appeal to this court, returnable according to law, from the judgment read and signed in the lower court, January 24, 1933, and to fix the amount of suspensive appeal bond.