## AMERICAN BAKERIES CO. v. LOUISIANA STATE BOARD OF HEALTH.

### No. 33811.

Supreme Court of Louisiana.

Nov. 4, 1936.

Eugene H. Walet, Jr., and John E. Unsworth, both of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., Arthur J. O'Keefe, Jr., Asst. Atty. Gen., and John E. Fleury, of Gretna, Associate with State, for appellee.

O'NIELL, Chief Justice.

The plaintiff in this case prayed for and obtained a rule on the defendant to show cause why a preliminary injunction should not be granted, and, at the same time, prayed for and obtained a temporary restraining order. After trial of the rule nisi the preliminary injunction was granted. Thereafter, the defendant filed an answer to the suit, putting it at issue on its merits, and praying that the preliminary injunction should be dissolved and that the suit itself should be dismissed. After hearing the case on its merits, the judge rendered a final judgment, dissolving the preliminary injunction, rejecting the plaintiff's demand and finally dismissing the suit. From that judgment the plaintiff obtained an order for a suspensive and devolutive appeal, and within the time required for a suspensive appeal filed the bond required therefor.

The defendant has filed a motion to have the appeal dismissed in so far as it purports to be a suspensive appeal, or rather to have the appeal declared only a devolutive appeal, on the ground that the injunction statute, Act No. 29 of 1924, § 5, p. 41, forbids the granting of a suspensive appeal from an order dissolving a preliminary writ of injunction. The plaintiff, appellee, cites, in support of the motion, the ruling in Barrow v. Caffery, 161 La. 778, 109 So. 488. In that case the court decided merely that, under section 5 of Act No. 29 of 1924, the district court had no authority to grant a suspensive appeal to a party who was denied a preliminary writ of injunction—or such an appeal as would have the effect of an injunction during the pendency of the appeal.

Section 5 of Act No. 29 of 1924 declares that a devolutive appeal may be taken, as a matter of right, but that no suspensive appeal shall be allowed, from an interlocutory order, rendered after a hearing, granting, continuing, refusing or dissolving a preliminary injunction, or denying an application to dissolve a preliminary injunction. In such cases, the remedy which the law affords to the party aggrieved by the interlocutory order, granting or refusing to grant a preliminary injunction, et cetera, is a resort to the supervisory jurisdiction of the appellate court. It is so provided in section 6 of the statute. But, when the defendant, against whom a preliminary injunction has been granted, after a hearing, does not resort to the supervisory jurisdiction of the appellate court, but puts the case at issue on its merits, by an answer to the suit, and the case is heard and decided on its merits, and the preliminary injunction is dissolved merely as a consequence of the final judgment rejecting the plaintiff's demand and dismissing his suit, he has the right to a suspensive appeal. There might be some doubt about that if the question were a new one, but it was settled by two recent decisions, viz: Everett, Commissioner, v. Hue & Aarnes, 173 La. 420, 424, 137 So. 201, 202, and Agricultural Supply Co. v. Livigne, 177 La. 15, 17, 147 So. 365.

In Everett, Commissioner, v. Hue & Aarnes, the court referred with approval to Young v. Bossier City, 152 La. 18, 92 So. 719, which was decided before the injunc-

tion statute, Act No. 29 of 1924, was adopt-ed—thus:

"Section 5 of Act 29 of 1924 applies expressly to appeals from 'interlocutory decrees' dissolving preliminary writs of injunction upon a hearing. Said section has no application to final judgments dissolving an injunction upon a trial of the merits and disposing of the issues of the case.

"In Young et al. v. Village of Bossier City, 152 La. 18, 92 So. 719, the court said: 'It is immaterial what might or might not have been plaintiff's right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. C.P. art. 565. And having a right of appeal, the law itself regulates the effect to be given to such appeal. The suspensive appeal is the rule (C.P. art. 575); the nonsuspensive appeal the exception (C. P. art. 580). That is to say some judgments may not be appealed at all. C.P. arts. 566, 567. But when appealable a judgment may always be appealed from suspensively, unless it comes within one of the excepted classes.' "

In Agricultural Supply Co. v. Livigne, this court granted a peremptory mandamus, ordering the district judge to grant a suspensive appeal from a judgment rejecting the demand of an intervenor, or third opponent, and, in consequence, dismissing a rule for a preliminary injunction, and dissolving a temporary restraining order. The court said:

"On the trial of the rule for a preliminary injunction, the only question for decision before respondent judge was whether such injunction should be granted or refused. Act No. 29 of 1924, § 2.

"It is true that a suspensive appeal cannot be applied for as a matter of right from an order granting or refusing a preliminary injunction. Act No. 29 of 1924, § 5.

"But, in the case before us, respondent judge has not only refused to grant a preliminary injunction, but has passed also upon the merits of the case, by decreeing the nullity of the sale from defendants to relator of the property herein seized by plaintiff.

"Necessarily, this is a final judgment from which relator has the right to prose-cute a suspensive appeal to this court. C. P. arts. 539, 565."

The motion to dismiss the appeal in so far as it purports to be a suspensive appeal, or to have it declared to be only a devolutive appeal, is overruled.