O’NIELL, Chief Justice.
 

 J. S. Brock, State Bank Commissioner, acting in the capacity of liquidator of the Tangipahoa Bank & Trust Company, brought executory proceedings against Charles Stassi on a mortgage note. Stassi filed a petition 'for an injunction, in the executory proceeding, to prevent the sale of his property, on the ground, first, that the mortgage note had been paid, and, second, and in the alternative, that the debt was extinguished by the statute of limitation or prescription of five years. The bank commissioner, answering the rule to
 
 *91
 
 show cause why an injunction should not be granted, put the whole case at issue; and it was tried on its merits. After hearing the evidence, the judge gave judgment for the bank commissioner, dismissing Stassi’s petition and rejecting his demand for an injunction. Stassi gave notice in open court, on the third day after the judgment was signed, that he would apply to the Supreme Court for writs of certiorari, prohibition, and mandamus; and he filed the petition in the Supreme Court exactly three weeks after the signing of the judgment in the district
 
 °
 
 court. The writs were denied, and within ten days thereafter Stassi asked for and obtained from the judge of the district court an order of appeal — which was said to be both a suspensive and a devolutive appeal — on a bond for $250. To make sure that the appeal would have the effect of staying the executory proceedings, the judge in terms ordered that the executory proceedings should be stayed until the appeal should be finally disposed of.
 

 The bank commissioner has moved to dismiss the appeal because it is declared in section 5 of Act No. 29 of 1924, p. 41, that no appeal — either suspensive or devolutive — shall be allowed from an interlocutory order granting or refusing to grant, or dissolving or refusing to dissolve, a preliminary injunction, unless the appeal is taken and the bond furnished within ten days from the entry of the order or decree. That limitation, however, by its very terms, refers only to an interlocutory order or decree, granting or refusing to grant, or dissolving or refusing to dissolve, a preliminary injunction. It is not applicable to an appeal from a final judgment disposing of the plaintiff’s right to an injunction, by deciding the case on its merits. In such a case, the party aggrieved has ten days in which to take a suspensive appeal, according to article 575 of the Code of Practice, and has a year in which to take a devolutive appeal, according to article 593 of the Code of Practice. Young v. Bossier City, 152 La. 18, 92 So. 719; Donaldson’s Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134; Everett, Commissioner, v. Hue & Aarnes, 173 La. 420, 137 So. 201; Agricultural Supply Co. v. Livigne, 177 La. 15, 147 So. 365 ; American Bakeries Co. v. Louisiana State Board of Health, 185 La. 959, 171 So. 90.
 

 The appeal in this case is valid, notwithstanding it was not taken within ten days from the date of the judgment appealed from; but it is not a suspensive appeal, because it was not taken within the ten days. In fact, we doubt that the appeal would have had the effect of staying the executory proceedings if the appeal had been taken within ten days after the date of the judgment appealed from, because the judge did not grant a preliminary injunction, or even a temporary restraining order. There was therefore no authority for the judge to order the executory proceedings stayed by virtue or effect of the so-called suspensive appeal from the judgment rejecting Stassi’s demand and dismissing his petition for an injunction. An appeal from a judgment dismissing a suit at its inception is not a suspensive appeal, because there is then nothing to suspend — -
 
 *93
 
 whatever may be the name given to the appeal.
 

 The bank commissioner sets up as an alternative plea, in his motion to dismiss the appeal, that the order of this court refusing to grant a writ of certiorari, prohibition, or mandamus finally disposed of the case. The reason given by the court for refusing to grant the writs was that it did not appear that the judge of the district court had abused his discretion in refusing to grant Stassi a preliminary injunction. In support of the ruling, the court cited American National Bank v. Bauman, 173 La. 336, 137 So. 54; which- is authority for the proposition that a judge shall not grant a preliminary injunction — although he may grant a temporary restraining order — without first issuing a rule on the defendant to show cause why a preliminary injunction should not be granted, even in a case where, as in this case, the injunction is asked for on one of the grounds mentioned in article 739 of the Code of Practice; e. g., that the debt for which the executory process has been issued has been paid, or that the action is barred by prescription. The refusal of the court to grant Stassi a writ of certiorari, prohibition, or mandamus, therefore, did not foreclose his right to appeal from the judgment which had been rendered against him, rejecting his demand.
 

 The motion to dismiss the appeal is overruled, but the appeal is maintained only as a devolutive appeal.
 

 PONDER, J., takes no part.