### BATON ROUGE PRODUCTION CREDIT ASS'N v. NEWSOM.

No. 2025.

Court of Appeals of Louisiana. First Circuit.

Oct. 4, 1939.

Rownd & Tycer, of Hammond, for applicant.

Reid & Reid, of Hammond, for respondent.

OTT, Judge.

The defendant in the executory proceedings, who will be referred to herein as the relator, executed a chattel mortgage on certain live stock and farm implements in favor of the plaintiff Association (hereafter referred to as the Association) to secure a note of $1,065, payable in installments. The Association instituted foreclosure proceedings on this chattel mortgage and seized and had advertised for sale certain live stock and farm implements claimed to be covered by said chattel mortgage.

On the day before the property was advertised to sell relator filed a petition asking for a temporary restraining order to issue, restraining the sale of the property, for a rule on the Association and the Sheriff to show cause why a preliminary injunction should not issue, and judgment making said preliminary injunction permanent, forever enjoining the Association and the Sheriff from selling or attempting to sell the property. The restraining order and the rule for a preliminary injunction were issued in due course.

The grounds on which the injunction was sought were that the Sheriff had seized property belonging to relator and not covered by the chattel mortgage and for the reason that the chattel mortgage was null and void for lack of sufficient description therein to identify the property.

On the return day of the rule, the Association filed an exception of no cause or right of action to the petition for a preliminary injunction. This exception was sustained and a judgment rendered decreeing "that the exception of no right or cause of action be and the same is hereby sustained and the rule for a preliminary injunction dismissed at plaintiff in rule's costs."

Within three or four days of the rendering and signing of the above judgment, relator asked for a suspensive appeal therefrom to this court which appeal was refused whereupon counsel for relator gave notice in open court of their intention to apply to this court for writs of certiorari, prohibition and mandamus. In pursuance of said notice, relator filed a petition in this court for writs of mandamus and prohibition to compel the trial judge to grant him a suspensive appeal from said judgment and to stay further proceedings until his application has been determined. Alternative writs issued, and the matter is now before this court for determination on the answers of the Association and the respondent judge.

From the return of the respondent judge it appears that he refused an order for a suspensive appeal for the reason that the exception of no cause or right of action was to the rule for a preliminary injunction only, and that the judgment which sustained the exception was only an interlocutory decree dismissing the rule for a preliminary injunction, and there is no appeal from an order refusing a preliminary injunction; that a suspensive appeal from the judgment would suspend nothing and would not prevent the Sheriff from proceeding with the sale.

As reasons for sustaining the exception, the respondent judge states in his return that relator alleged in his petition that he was the owner of all the cattle under seizure, and as the chattel mortgage covered all cattle owned or subsequently to be acquired by him, the cattle seized were therefore covered by the chattel mortgage.

It is obvious from the return of the learned trial judge that in sustaining the exception of no cause or right of action to the rule for a preliminary injunction he also decided the only other question in the

case; i. e., whether or not relator was entitled to a permanent injunction to prevent the sale of the seized property. If relator was not entitled to a preliminary injunction because the seized property was covered by the chattel mortgage, it is clear that relator was not entitled to a permanent injunction for the same reason, and an exception of no cause or right of action leveled against the whole petition necessarily would have been sustained. When the exception was sustained on the grounds assigned by the trial judge, it would have been a useless formality to try the case on the merits. The effect of the judgment was to deny the relief sought for by relator, and for that reason the sustaining of the exception had the effect of a final judgment from which relator has a right of suspensive appeal.

The situation is practically the same as it was in the recent case of Interstate Tax Bureau et al. v. Conway, Secretary of State, 180 La. 453, 156 So. 463, where the Supreme Court said:

"Appellee argues that the only question presented for review by the appeal is whether the trial judge abused his discretion in refusing the preliminary injunction. But there is more than that involved in the case. The trial judge not only refused the preliminary injunction, but he passed also on the merits, as he was necessarily required to do, by upholding the constitutionality of the statute attacked. The judgment effectually disposes of the issues raised by the parties, leaving to them the mere technical right, if they care to pursue it, of requiring a perfunctory trial on the merits. In these circumstances, it possesses all the elements of a final judgment rather than of a mere interlocutory decree and as such it is reviewable."

■ Where a judgment which denies a preliminary injunction after a hearing on a rule also has the effect of passing on the merits of the case and denying the relief sought by the injunctive process, such a judgment is a final judgment from which a suspensive appeal may be taken. Agricultural Supply Co., Inc., v. Livigne, et al., 177 La. 15, 147 So. 365; State ex rel. Roane v. Himel, Judge, La.App., 176 So. 413; State ex rel. Lindsay v. Hemenway Furniture Co., Limited, et al., La.App., 159 So. 183.

Relative to the other reason assigned for refusing the suspensive appeal, that such

an appeal would not suspend the sale, it is to be observed, as already stated, that the sustaining of the exception of no cause or right of action for a preliminary injunction was tantamount to a rejection of all the demands of relator and refusing to stop the sale of his property either temporarily or permanently. Before the enactment of the present Injunction Law, Act 29 of 1924, where a rule to show cause why a preliminary injunction should not issue to prevent the sale of property under seizure was tried and an interlocutory order was issued by the trial judge refusing the injunction, the debtor was entitled to a suspensive appeal from such order as a matter of right where irreparable injury was alleged. State ex rel. Van Norden v. Judge, 26 La.Ann. 550; Beebe v. Guinault, et al., 29 La.Ann. 795; State ex rel. Becker v. Judge, 31 La.Ann. 850.

And where a provisional injunction was issued pending the hearing on the rule nisi (corresponding to the present temporary restraining order) to prevent the sale of property under seizure, and where, on the hearing of the rule, the provisional injunction (restraining order) was recalled and the injunction denied, the debtor was not only entitled to a suspensive appeal, but such an appeal had the effect of suspending the sale pending the appeal. State ex rel. Behan v. Judge, 32 La.Ann. 1276.

In the present case the trial judge issued a restraining order on May 19, 1939, and on May 29th, while said restraining order was in effect, rendered a judgment dismissing the rule which had the effect of denying injunctive relief and dissolving and refusing to continue the restraining order. In the recent case of Brock, Bank Com'r, v. Stassi, 189 La. 88, 179 So. 44, it is indicated that a suspensive appeal from a final judgment refusing an injunction to prevent the sale of property under executory process, will not have the effect of staying the proceedings, where no restraining order or preliminary injunction has been issued.

However, in the present case, regardless of the question whether or not a suspensive appeal would have the effect of staying the proceedings pending the appeal, the relator is entitled to a suspensive appeal, and we are not now called upon to determine the effect of such an appeal on the executory proceedings. Non constat, the seizing creditor may not attempt to proceed with the sale of the property pend-

**157**

ing the appeal. Neither are we called upon to decide the merits of the exception.

For the reasons assigned, it is ordered that a writ of mandamus issue herein to the respondent judge, Honorable Hypolite Mixon, Judge of the 21st Judicial District Court of Tangipahoa Parish, directing him to grant relator, Willie N. Newsom, an order for a suspensive appeal, returnable to this court, according to law, from the judgment rendered on May 29, 1939, and signed on May 30, 1939, in the matter of Baton Rouge Production Credit Association v. Willie N. Newsom of said court, and to fix the bond for the suspensive appeal.