4 So.2d 833

**WAGGONER et al. v. GRANT PARISH POLICE JURY et al.**

No. 36383.

Nov. 3, 1941.

John R. Hunter & Son, of Alexandria, for relators.

Harry Fuller, of Winfield, for respondents.

ODOM, Justice.

A local option election was held in the Parish of Grant on June 17, 1941. A majority of those voting at the election voted against the issuance of licenses for the sale of intoxicating liquors in the parish except in certain designated localities. On June 19 the police jury promulgated the results of the election and on the same day adopted an ordinance carrying into effect the results of the election. That ordinance prohibited the sale of intoxicating liquors and prescribed penalties for the violation of its provisions.

On July 17, 1941, the plaintiffs, relators here, petitioned the court for a preliminary writ of injunction, enjoining, restraining, and prohibiting the judge of the district court, the district attorney, the police jury, and the sheriff of the parish from instituting or undertaking any civil or criminal actions under said ordinance and from taking any steps of any character to enforce its provisions. They prayed for the issuance of a rule nisi, directing the defendants, and each of them, to show cause, on a day and at an hour to be fixed by the court, why a preliminary writ of injunction should not issue. They attached to, and made a part of, their petition certain ordinances of the police jury and other documents.

When they presented their petition to the judge of the district court, he signed the following order:

"The foregoing petition, annexed documents and annexed affidavit considered, it is

"Ordered that a rule issue herein ordering and directing the Police Jury of Grant Parish, State of Louisiana; Harry Fuller, District Attorney of Grant Parish, Louisiana, and H. Gillis Bowen, Sheriff of Grant Parish, Louisiana, to show cause on the 18th day of August, A. D., 1941, at the hour of 10 o'clock, why a preliminary injunction should not issue herein, according to law, and in accordance with the prayer of the foregoing petition.

"Thus Done And Signed in Chambers at Colfax, Louisiana, on this 17th day of July, A. D. 1941.

(signed) "Cass Moss
"Judge"

The ground on which the preliminary writ of injunction was sought was that the ordinance adopted by the police jury making it unlawful to sell or otherwise handle intoxicating liquors in Grant Parish was

illegal, null, and void for the following, among other, reasons:

(1) That the petition requesting the police jury to order the election did not contain 25 per cent of the qualified voters of the parish, in that a large percentage of the names on the petition were not signed by the persons themselves; that their names were affixed to the petition by others without any authority on the part of the alleged signers, and that in instances where signatures were affixed by mark, the marks were not witnessed and were placed thereon without authority.

(2) That the petition was presented to the police jury on December 9, 1940, and that the election should have been called to be held within 90 days thereafter.

(3) That, after the election had been called and ordered held on April 22, 1941, the police jury was without authority to postpone said election and to extend the date of holding the same from April 22 to June 17, 1941.

The district attorney, representing the defendants, filed several exceptions and pleas which were finally overruled. He filed an answer for defendants. A hearing was had on the rule to show cause as directed by the judge. At the hearing on the rule, numerous documents and exhibits were filed, and approximately 100 witnesses were called and examined. After the hearing on the rule, the following judgment was rendered and signed in open court:

"This cause came on regularly for hearing pursuant to assignment on plaintiffs' petition for rule to show cause why a pre-

liminary injunction should not issue herein, and after appearance and joinder of issues by respondents in rule.

"Present: John R. Hunter, Sr. and John R. Hunter, Jr. for plaintiffs in rule; and Harry Fuller for respondents.

"The Court, after hearing the pleadings, the evidence adduced on the trial of said rule, and arguments of counsel, being of the opinion that the law and the evidence are in favor of respondents in rule and against said plaintiffs, for reasons this day orally assigned in open Court:

"It Is Therefore Ordered, Adjudged and Decreed that the petition of plaintiffs, Hiram Waggoner, Ed Hawthorne and Jimmie Warford, for a preliminary injunction to enjoin, restrain and prohibit the defendants from enforcing, and from undertaking to enforce the ordinance of the Police Jury for the Parish of Grant, State of Louisiana, adopted June 19, 1941, which said ordinance is more specifically described in plaintiffs' petition, be and the same is hereby denied and plaintiffs' demands rejected, at their cost; that, accordingly, the rule herein issued be and the same is hereby dismissed."

After the rendition and signing of this judgment, plaintiffs asked for and were granted appeals, devolutive and suspensive, to this court, and counsel announced to the court that plaintiffs would apply to this court for writs of certiorari, mandamus, and prohibition on the ground that the appeals granted did not afford them adequate protection or an adequate remedy.

The judgment was signed on August 21. On August 25 plaintiffs filed applications in

this court for writs. They set out in detail the issues involved in the suit, stated the results of the trial of the rule nisi, and pointed out the errors in the judgment of which they complained. They ground their application for the relief sought upon the proposition that the appeals granted did not afford them adequate relief. They prayed that the trial judge be ordered to send up the record in this case, and that mandamus issue, compelling him to grant the preliminary writ of injunction prayed for. On August 28 we granted the writs with a stay order coupled with a rule to show cause. In obedience to the writ of certiorari, the judge sent to this court a certified copy of the record, and in response to the rule to show cause the judge, the district attorney, the police jury, and the sheriff filed answers.

According to the showing made by relators in their application for the writs, and because of certain admissions made by respondents in their answers, we seriously doubt the validity of the judgment rendered by the trial judge, although we do not at this time definitely and finally decide the issues raised. Plaintiffs, relators here, are entitled to an appeal to this court from the interlocutory order refusing to grant the preliminary writ of injunction prayed for and dismissing the rule nisi. They have appealed, and the appeal is lodged here. In order that all of the parties to the litigation may be afforded ample opportunity to present fully the issues raised, the case should be heard and finally decided on appeal.

Relators are licensed liquor dealers doing business in the Parish of Grant. They were engaged in that business when the local option election was held and when the police jury adopted the ordinance prohibiting the business in which they had been licensed to engage. They alleged, and respondents say in their answer that they do not dispute, "that the business and stock in trade of each relator has a value in excess of $2000.00".

The ordinance of the police jury, adopted to carry into effect the results of the local option election, which ordinance made it unlawful to sell intoxicating liquors in Grant Parish, was by its terms to become effective on August 30, two days after we granted the writs. The judgment dismissing the rule and denying plaintiffs' application for injunctive relief was signed on August 21. Respondents say in their answer:

"That while the transcript of appeal could not be lodged in this Honorable Court before the effective day of said Ordinance, yet the suspensive appeal, which was asked for by plaintiffs and granted to them, could have been perfected before any attempt was made to enforce said Ordinance. * * * That, therefore, said plaintiffs, relators herein, had an adequate remedy by appeal and their application for writs was improvidently made and prematurely sought."

We cannot lend sanction to respondents' statement that the appeals granted and perfected afford relators adequate protection or adequate remedy. Act No. 29 of 1924, which regulates the procedure and practice in, and the power of, courts in respect to temporary restraining orders and preliminary writs of injunction, provides in Section 5 that:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree."

In this case a preliminary writ of injunction was refused upon a hearing by an interlocutory order or decree. Therefore, according to the plain language of the act, relators were entitled to a devolutive, but not a suspensive, appeal from the order.

The relief primarily sought by plaintiffs, relators here, was an order or judgment granting a preliminary writ of injunction prohibiting the defendants, respondents here, from enforcing or attempting to enforce the provisions of the police jury ordinance making it unlawful to sell intoxicating liquors in Grant Parish. Clearly a devolutive appeal from an order refusing the preliminary writs of injunction prayed for would not prevent the officers from proceeding, on and after the effective day of the ordinance, to enforce the provisions of the ordinance. But it is suggested that relators were protected by the suspensive appeal. The answer is that, under the law, they were not entitled to a suspensive appeal from the order refusing the preliminary writ of injunction and dismissing the rule nisi. And, even if relators intended to take, and the judge in-

tended to grant, a suspensive appeal from that order, such appeal would have no effect under the law. A district judge cannot confer upon a litigant a right which the law specifically withholds.

Whether the court intended to grant a suspensive appeal from its order refusing to issue the preliminary writ of injunction prayed for and dismissing the rule nisi is not quite clear. The facts are that the only hearing had was on the trial of the rule nisi. That clearly appears from the record itself. We are informed by counsel for defendants that:

"When the trial Judge, after reviewing the evidence, announced that the ruling of the Court was that the preliminary injunction was denied and that the rule would be dismissed, counsel for plaintiffs informed the Court that all of their evidence had already been offered and it was upon suggestion of said counsel that the judgment was drawn to include a decree rejecting plaintiff's demands."

Respondents in their answer say that "it was at the suggestion of counsel for plaintiffs that if the preliminary injunction was to be denied them and the rule dismissed, then that the judgment further show that plaintiffs' demands were rejected".

From the wording of the judgment itself, it does not clearly appear that the judge intended to reject plaintiffs' demands on the merits, although he might properly have done so because the defendants had filed answers and plaintiffs had introduced all the evidence they had to offer. But, conceding that the judge did finally decide the case on its merits, the fact

remains that, before announcing his decision to that effect, he announced from the bench that plaintiffs' application for a preliminary writ of injunction was refused and that the rule nisi was dismissed. This was an interlocutory order or decree, from which a devolutive, but not a suspensive, appeal could be granted.

Obviously, if the issues raised by relators are well founded and if the facts support their contentions, they are entitled to an injunction to preserve their personal and property rights. This court has repeatedly recognized that a devolutive appeal from an order refusing a preliminary injunction, although allowed by law, is neither an adequate nor an appropriate remedy to obtain such relief as relators here are asking, and that the only effective relief to be obtained in such cases is by application to this court under its general supervisory jurisdiction. Succession of Levins, 184 La. 825, 167 So. 454, and the cases there cited.

In Loeb v. Collier, 131 La. 377, 59 So. 816, this court said:

"It is true that, as a general rule, certiorari can issue only in cases in which the regularity of the proceedings of the trial court is attacked, but the Constitution lodges in the Supreme Court control and general supervision over all inferior courts. The power thus granted is plenary, and its exercise rests in the sound discretion of the court. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663; State ex rel. Union Sawmill Co. v. Summit Lumber Co., 117 La. 643, 42 So. 195."

Since the adoption of Section 10, Article 7, of the Constitution of 1921, giving the Supreme Court control and general supervision over all inferior courts, Articles 845 and 857 of the Code of Practice have been obsolete. Keegan v. Board of Commissioners, 154 La. 639, 98 So. 50.

This, in our opinion, is a case in which we should exercise our supervisory powers to the end that no irreparable injury may be done relators pending a final decision of the case on appeal.

For the reasons assigned, it is ordered that the preliminary writs granted in this case on August 28, 1941, as enlarged and extended by our order dated September 5, 1941, be and are hereby made peremptory, and accordingly the Honorable Cass Moss, judge of the Eighth Judicial District Court for the Parish of Grant, is directed and commanded to grant forthwith to plaintiffs, relators in this case, a preliminary writ of injunction as prayed for by them, the writ to remain in force and effect until the final decision of the case by this court on appeal.