20 So.2d 608

**BUJOL et al. v. MISSOURI PAC. R. CO. et al.**

No. 37650.

Dec. 11, 1944.

Fred G. Benton, of Baton Rouge, and C. Ory Dupont, of Plaquemine, for appellants.

Kemble K. Kennedy and Breazeale, Sachse & Wilson, all of Baton Rouge, and Hudson, Potts, Bernstein & Snellings, of Monroe, for defendants and appellees.

HIGGINS, Justice.

The appellees moved to dismiss the devolutive and the suspensive appeals granted to and perfected by the plaintiffs, on the following grounds:

(1) That the devolutive appeal is frivolous; (2) that the plaintiffs' petition failed to allege sufficient facts to show appellate jurisdiction in this Court; and (3) that under Section 5 of Act No. 29 of 1924, which deals with injunctions and the jurisprudence of this State interpreting and applying those provisions, a suspensive appeal is not allowed from a decree refusing a preliminary injunction, the appropriate remedy being a devolutive appeal, which was not granted by the district judge herein.

This is an action by thirty switchmen and trainmen employed by the Texas & Pacific

Railway Company and members in good standing of the Brotherhood of Railroad Trainmen rendering services jointly to the Missouri Pacific Railroad Company and the Texas & Pacific Railway Company and their joint terminals at Addis, West Baton Rouge Parish, and in Alexandria, Rapides Parish, Louisiana. They seek to have an agreement dated June 2, 1927, between the two railroad companies and the Brotherhood of Railroad Trainmen, the Brotherhood of Locomotive Engineers, and the Brotherhood of Locomotive Firemen and Enginemen enforced, and to have declared illegal a decree of the Board of Appeals of the Brotherhood of Railroad Trainmen, dated November 16, 1943, which allegedly attempts and purports to change and abrogate the agreement of June 2, 1927, to the detriment and injury of the plaintiffs. The said illegalities, changes and harmful results are set forth in detail in the petition. The petitioners also ask for injunctive relief to protect their interest pending the suit and for a permanent injunction after a trial on the merits. They were granted a restraining order by the district judge and a rule nisi to show cause why a preliminary injunction should not issue.

The Missouri Pacific Railroad Company, one of the defendants, filed an exception of misjoinder on the ground that the company was in bankruptcy to effect a plan of reorganization under Section 77, Chapter 8 of the Acts of Congress, 11 U.S.C.A. § 205, and that the trustee alone was the proper party to be sued and, therefore, the citation of the company's previously des-

ignated agent for service was illegal and he was improperly made a party defendant.

The Brotherhood of Railroad Trainmen, joined by other defendants, also filed exceptions of want of proper citation against the Brotherhood.

The respondents further filed motions to dissolve the restraining order. The trial judge sustained the exception of misjoinder and dismissed the suit as to the Missouri Pacific Railroad Company. Later the trial judge rendered the following judgment:

"* * * It is ordered, adjudged and decreed that the motions filed by all of respondents to dissolve the said temporary restraining order be and the same are hereby sustained, and accordingly the said restraining order is dissolved and vacated at the cost of the plaintiffs.

"It is further ordered, adjudged and decreed that the exception of improper citation be sustained as to the Brotherhood of Railroad Trainmen, and accordingly

"It is ordered, adjudged and decreed that the rule nisi for preliminary injunction be recalled, vacated and dismissed as to all of the respondents and at the cost of the plaintiffs.

"It is further ordered, adjudged and decreed that this suit be finally dismissed as to all of said respondents at the cost of the plaintiffs. * * *"

Counsel for the plaintiffs gave notice of intention to apply to this Court for writs of prohibition, mandamus and certiorari, but this action was never taken. They did apply for devolutive and suspensive appeals returnable to this Court and the district court granted the following order:

"The application for a devolutive appeal from the order of the Court recalling the rule herein and denying in effect the application for preliminary injunction is denied for the reason that the case in its entirety has been dismissed, and that having been done, in the opinion of the Court, plaintiffs are entitled only to a suspensive appeal from judgment dismissing the suit. Therefore an order will issue herein granting a devolutive appeal to the Supreme Court, returnable on the 31st day of August, 1944, from the judgment dismissing this suit as to the Missouri Pacific Railroad, and also an order will issue to plaintiffs for suspensive appeal, returnable to the Supreme Court of Louisiana, on the 31st day of August, 1944, from the judgment dismissing this suit in its entirety, returnable August 31st, 1944, bond in the first appeal to be fixed at $50.00, and in this appeal at $500.00."

We shall discuss the issues presented by the motions to dismiss the appeals in the order first hereinabove given:

(1) The motion to dismiss the devolutive appeal on the ground that it is frivolous clearly pertains to the merits of the case and cannot be considered as a basis for a motion to dismiss the appeal.

(2) Affidavits and attached documents were filed in this Court showing that the amount involved is in excess of the minimum jurisdictional amount of $2,000. The law is well settled that affidavits of this

kind may be filed in this Court to maintain its jurisdiction. Cousin v. St. Tammany Bank & Trust Co., 146 La. 393, 83 So. 685; Quaker Realty Co. v. City of New Orleans, 163 La. 374, 111 So. 791; Tatum v. Andrews et al., 165 La. 222, 115 So. 466.

(3) The plaintiffs abandoned any claim to a right of suspensive appeal in connection with the injunction proceedings by failing to invoke this Court's supervisory jurisdiction. In asking for the devolutive and the suspensive appeals, which were granted, the plaintiffs separated them, making it clear that as to the final judgment dismissing the case they were entitled to a suspensive appeal as a matter of right wholly disassociated from any question arising in connection with the injunction proceedings which were merely incidental to the main demand. They are not contending before this Court that the trial judge should have granted a suspensive appeal in connection with the injunctive relief sought and denied them. They simply take the position that where there is a final judgment dismissing a suit outright, the plaintiff is entitled to a suspensive appeal as a matter of right.

In the case of Agricultural Supply Co., Inc., v. Livigne et al., 177 La. 15, 147 So. 365, this Court granted a peremptory mandamus ordering the district judge to grant a suspensive appeal from a judgment finally rejecting the demands of the intervenor or third opponent and, in consequence, dismissing a rule for a preliminary injunction and dissolving a temporary restraining order. In taking this action, we said:

"On the trial of the rule for a preliminary injunction, the only question for decision before respondent judge was whether such injunction should be granted or refused. Act No. 29 of 1924, § 2.

"It is true that a suspensive appeal cannot be applied for as a matter of right from an order granting or refusing a preliminary injunction. Act No. 29 of 1924, § 5.

"But, in the case before us, respondent judge has not only refused to grant a preliminary injunction, but has passed also upon the merits of the case, by decreeing the nullity of the sale from defendants to relator of the property herein seized by the plaintiff.

"Necessarily, this is a final judgment from which relator has the right to prosecute a suspensive appeal to this court. C. P. arts. 539, 565."

It is well settled in our jurisprudence that Section 5 of Act No. 29 of 1924 is an exceptional instance where a suspensive appeal is not allowed but it has reference to interlocutory decrees pertaining to temporary restraining orders and preliminary injunctions but cannot be extended to apply to a suspensive appeal prosecuted expressly from a final decree of the court dismissing the plaintiff's suit and finally rejecting the plaintiff's demands upon the merits. Young et al. v. Village of Bossier City, 152 La. 18, 92 So. 719; Snowden v. Red River & Bayou Des Glaises Levee & Drainage Dist., 172 La. 447, 134 So. 389; Everett, Commissioner v. Hue & Aarnes, 173 La. 420, 137 So. 201; American Bakeries Co. v. Louisiana State Board of

Health, 185 La. 959, 171 So. 90; Brock, Com'r, v. Stassi, 189 La. 88, 179 So. 44; Brock et al. v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829.

The fact that the suspensive appeal in this case would not have the legal effect of suspending any action taken by the district judge for the reason that the plaintiffs' demands were rejected in toto is not a legal reason for denying them a suspensive appeal as a matter of right. This was pointed out in the case of Snowden v. Red River & Bayou Des Glaises Levee & Drainage Dist., supra [172 La. 447, 134 So. 391], where the Court said:

"While the suspensive appeal, in this case, may not be of any great benefit to plaintiffs, yet, as the law allows it, it should not be dismissed."

For the reasons assigned, the motions to dismiss the appeals are denied.

On Motions to Dismiss Appeals.

O'NIELL, Chief Justice (dissenting from the majority opinion so far as it characterizes the appeal as a suspensive appeal).

So far as the plaintiff in any case is entitled to a devolutive appeal from a judgment dismissing his suit at its inception, his appeal should not be dismissed on the ground merely that he only asked for and obtained an order for a so-called suspensive appeal. When a litigant asks for and obtains an order for a suspensive appeal in a case where he is entitled to only a devolutive appeal, his appeal should not be

dismissed merely because of his calling it a suspensive appeal, but should be recognized as a devolutive appeal only.

I respectfully submit that the prevailing opinion in this case is wrong in characterizing the plaintiffs' appeal as a suspensive appeal, and is in direct conflict with the decisions cited to support it. I refer particularly to the very recent and very similar cases entitled, respectively, Brock v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829, and Waggoner v. Grant Parish Police Jury, 198 La. 798, 4 So.2d 833. The opinion in each of these cases was unanimous, and the Brock Case contained a thorough review of the decisions on the subject—which decisions—strange to say—are cited in the prevailing opinion in the present case as sustaining the opinion. I quote now from Brock v. Police Jury of Rapides Parish [198 La. 787, 4 So.2d 831]:

"The statute [Section 5 of Act 29 of 1924] therefore in unmistakable terms forbade the judge in this case to grant the plaintiffs a suspensive appeal, either from the dissolving of the restraining order or from the refusal of the judge to grant a preliminary injunction. So far as the judgment rejected the plaintiffs' demand and dismissed their suit it could not be appealed from suspensively, because there was nothing that could be suspended by the plaintiffs' taking an appeal and calling it a suspensive appeal. A suspensive appeal, as distinguished from a devolutive appeal, is one which stays execution of the judgment appealed from. Therefore an appeal from a judgment which merely rejects the plaintiff's demand and dismisses his

suit at the outset is essentially only a devolutive appeal, even though the judge and the appellant may call it a suspensive appeal.

"The case of Brock v. Stassi, 189 La. 88, 179 So. 44, is exactly in point. Brock instituted an executory proceeding against Stassi on a mortgage note, and Stassi filed a petition for an injunction in the executory proceeding, contending, first, that the note was paid, and, in the alternative, that the debt was extinguished by prescription. Brock, answering the rule to show cause why a preliminary injunction should not be granted, 'put the whose case at issue; and it was tried on its merits.' The judge, after hearing the evidence, gave judgment for Brock, rejecting Stassi's demand for an injunction. The judge granted Stassi an appeal from the judgment, and called the appeal 'both a suspensive and a devolutive appeal'. Brock moved to dismiss the appeal, and this court characterized the appeal thus: 'The motion to dismiss the appeal is overruled, but the appeal is maintained only as a devolutive appeal.' In deciding that inasmuch as the judge had not granted a preliminary injunction Stassi's appeal from the judgment rejecting his demand and dismissing his suit could not stay the executory proceeding, the court said:

" 'There was therefore no authority for the judge to order the executory proceedings stayed by virtue or effect of the so-called suspensive appeal from the judgment rejecting Stassi's demand and dismissing his petition for an injunction. An appeal from a judgment dismissing a suit at its inception is not a suspensive appeal, be-

cause there is then nothing to suspend— whatever may be the name given to the appeal.'

"To the same effect was the decision in the case of Snowden et al. v. Red River & Bayou Des Glaises Levee & Drainage District et al., 172 La. 447, 134 So. 389, 391. The plaintiffs in that case sued to enjoin the levee and drainage district and the tax collector from collecting certain levee taxes, on the ground that the tax was invalid. The judge issued a rule on the defendants to show cause why a preliminary injunction should not be issued. The defendants filed an exception of no cause of action and a plea of estoppel, and prayed for a dismissal of the suit and for 10 per cent on the amount of the taxes, as damages under the tax statute, section 56 of Act 170 of 1898. The case was submitted to the judge on those issues and while he had it under advisement he issued a restraining order, preventing the tax collector from selling the property. The judge afterwards gave judgment against the plaintiffs, dissolving the restraining order, refusing to issue an injunction, dismissing the suit and condemning the plaintiffs to pay the 10 per cent statutory damages. The judge allowed the plaintiffs an appeal, which he characterized as both a suspensive and a devolutive appeal. The defendants moved to dismiss the suspensive appeal on the ground that, according to section 5 of Act 29 of 1924, such an appeal could not be allowed from a judgment dissolving a restraining order and refusing to issue a preliminary injunction. This court held that the appeal which the judge had allowed,

and which he called a suspensive appeal, stayed execution of the judgment condemning the plaintiffs to pay the 10 per cent damages, but had no such effect on the judgment dissolving the restraining order and refusing to grant an injunction. The court said:

" 'In this instance, no preliminary injunction ever issued, and hence no preliminary injunction was ever dissolved, to be reinstated, as it were, by a suspensive appeal. * * *

" 'The law does not contemplate that a restraining order, granted by the trial judge, pending an application for a preliminary injunction, should be, as it were, reinstated by a suspensive appeal, and operate during the pendency of the appeal. It contemplates that such an order shall pass out of existence, and so remain, in the lower court.'

"In the opinion rendered in the case of Agricultural Supply Co. v. Livigne, 177 La. 15, 147 So. 365, there is a palpable error in that the appeal which the court allowed to an intervener, appealing from a judgment dissolving a temporary restraining order, refusing to grant a preliminary injunction, and finally rejecting his demand, was called a suspensive appeal. The court could not have allowed a suspensive appeal without doing violence to section 5 of Act 29 of 1924 and the jurisprudence on the subject. So far as the intervener was allowed an appeal the decision was correct, but it was a mistake to call the appeal a suspensive appeal.

"If the judge in this case had granted the plaintiffs a preliminary injunction and afterwards dissolved it in consequence of his rejecting the plaintiffs' demand or dismissing their suit, they would have been entitled to a suspensive appeal, i. e., one which would have kept the preliminary injunction in force pending a hearing of the case on appeal. It was so decided in Everett v. Hue & Aarnes, 173 La. 420, 137 So. 201, and in American Bakeries Co. v. Louisiana State Board of Health, 185 La. 959, 171 So. 90. In those cases the court called attention to the fact that that part of the fifth section of the act of 1924 which allows only a devolutive appeal, and not a suspensive appeal, as a matter of right, from an interlocutory order or decree dissolving a preliminary injunction, refers only to interlocutory orders or decrees, and not to final judgments. The difference between this case and the two cases just cited is that in this case the preliminary injunction was refused, whereas in each of the cases cited it was granted."

And now I quote from the opinion written by Justice Odom in Waggoner v. Grant Parish Police Jury [198 La. 798, 4 So.2d 836], as follows:

"But it is suggested that relators were protected by the suspensive appeal. The answer is that, under the law, they were not entitled to a suspensive appeal from the order refusing the preliminary writ of injunction and dismissing the rule nisi. And, even if relators intended to take, and the judge intended to grant, a suspensive appeal from that order, such appeal would

have no effect under the law. A district judge cannot confer upon a litigant a right which the law specifically withholds."

The appeal in the present case should not be dismissed but should be recognized only as a devolutive appeal from the judgment dismissing the suit.