O’NIELL, Chief Justice.
 

 This is a suit to abate a nuisance and to recover damages alleged to have been
 
 *258
 
 caused by the acts complained of. The defendant operates a rendering plant, converting the carcasses of animals into soap, tallow and other products. The plant is located in the Parish of St. Bernard, on the bank of Violet Canal, about half a mile from the public highway. The complaint of course is that the operation of the plant is. malodorous. Two suits were filed by property taxpayers in the neighborhood, one by a corporation owning a residence subdivision and the other by ten residents of the neighborhood; but, by consent of the parties, the two suits were consolidated and tried as one suit.
 

 When the case came up for hearing on a rule to show cause why a preliminary injunction should not be granted, the parties agreed that the case should be heard and disposed of on its merits. It was so heard, and after the hearing the judge rendered a final judgment, declaring that the defendant’s plant was both a public nuisance and a private nuisance, ordering the defendant and its officers, agents and employees perpetually enjoined and restrained from further use of the plant, and ordering them to remove the plant within 30 days, in default whereof the sheriff was ordered to remove the plant at the expense of the defendant. At the same timé the court gave judgment for $250 in favor of each of the 10 plaintiffs in one of the suits, that is, for a total sum of $2,500., plus $500 attorneys’ fees for prosecuting the suit, and for all costs. The judgment was rendered on November 21, 1946. On that date, immediately after the judgment was rendered, the defendant filed a written motion for an order of appeal, both suspensive and devolutive, and the judge signed the order fixing the bond- at $10,000 for a suspensive appeal and at $500 for a devolutive appeal. Five days later, that is, on November 26th, the plaintiffs filed a petition for a rule on the defendant to show cause on December 6, 1946, why the order granting a suspensive appeal should not be recalled and rescinded and why a new order of appeal should not be granted allowing only a devolutive appeal. On November 29th, eight days after the granting of the order of appeal, the defendant furnished a suspensive appeal bond for $10,000, which was the amount fixed by the judge for a suspensive appeal.
 

 After hearing the rule to show cause why the order for a suspensive appeal should not be rescinded, the judge rescinded the order, dated November 21, and rendered a new order, granting a suspensive appeal from the judgment for $3,000 plus costs, but granting only a devolutive appeal from the other provisions of the judgment. At the same time, the judge amended his judgment so as to eliminate the period in which the defendant was ordered to remove its rendering plant. This amendment had the effect of maintaining the injunction against the operation of the plant during the pendency of the appeal. The defendant then invoked the supervisory jurisdiction of this court, contending that, upon defend
 
 *260
 
 ant’s furnishing the bond for a suspensive appeal, the trial judge was .divested of jurisdiction to rescind his order of appeal.
 

 The plaintiffs, in their petition for a rule on the defendant to show cause why the order for a suspensive appeal should not be rescinded, averred that the granting of a suspensive appeal had the effect of dissolving the writ of injunction on bond, and that the defendant was not entitled to a dissolution of the injunction on bond because the ■acts complained of would cause irreparable injury. The plaintiffs had reference to Article 307 of the Code of Practice, which article provides that a preliminary injunction may be dissolved on bond during the pendency of the suit if the act prohibited by the injunction is one which will not cause irreparable _ injury to the plaintiff. But the appeal in this case is not from an order granting a preliminary injunction. The appeal is from a definitive judgment granting a permanent injunction.
 

 It is conceded that the provisions of Section 5 of Act 29 of 1924, allowing a suspensive appeal from an order granting a preliminary injunction, is not applicable to this case. The appeal which was granted in this instance, on November 21, 1946, and the effect of the appeal, are governed by the law relating to appeals generally, from definitive judgments. Code of Practice, Art. 565; Donaldson’s Heirs v. City of New Orleans, 1928, 166 La. 1059, 118 So. 134; Brock v. Stassi, 1938, 189 La. 88, 179 So. 44; City of New Orleans v. Canal Bakery & Delicatessen, Inc., 1926, 3 La.App. 789; Lambert v. Lass, La.App., 1946, 25 So.2d 913.
 

 Under the law governing appeals generally, the perfecting of an appeal vests jurisdiction of the case in the appellate court, and the trial court is thereby divested of jurisdiction for all purposes except to test the solvency or sufficiency of the appeal bond, and to transmit the record to the appellate court. Code of Practice, Art. 575; State v. Cobb, 1913, 134 La. 207, 63 So. 877; New Orleans Silica Brick Co. v. John Thatcher & Son, 1922, 152 La. 649, 94 So. 148; Mundy v. Phillips, 1925, 157 La. 445, 102 So. 519. Therefore, when the defendant in this case furnished the appeal bond, on November 29, 1946, the trial court was ■divested of jurisdiction to rescind the order of appeal, unless it can be said that the issuing of the rule, on November 26, in some way affected the defendant’s right to perfect its appeal. We see no reason why that effect should obtain. If the judge had rescinded his order before the.appeal bond was furnished, or perhaps if the return day had been fixed within the ten-day period in which the defendant was allowed to perfect his appeal, there might be some reason for saying that the defendant’s right to perfect a suspensive appeal was taken away. But that is not the case here. If the defendant had withheld the furnishing of the suspensive appeal bond until the judge acted finally upon the rule to show cause why the order for the suspensive
 
 *262
 
 appeal should not be rescinded, the time allowed by law for the furnishing of the suspensive appeal bond would have expired; and it might have been contended then by the plaintiffs, respondents, that the defendant had forfeited its right to a suspensive appeal.
 

 The judge based his judgment, rescinding his order for a suspensive appeal, upon Article 307 of the Code of Practice, and upon the theory that his granting of the suspensive appeal had the effect of dissolving the injunction on bond. As we have stated, Article 307 of the Code of Practice has reference only to preliminary injunctions. The judgment appealed from in this case was a final judgment granting a permanent injunction. However, since we have concluded that the judge was without jurisdiction to rescind his order for the suspensive appeal, we find it unnecessary to pass judgment upon his reason, or reasons, for rescinding the order.
 

 For the reasons assigned, the order of the district courtj dated December 19, 1946, rescinding the order for the suspensive appeal granted on November 21, 1946, is hereby annulled; apd the order dated November 21, 1946, granting the suspensive appeal, is now reinstated. The costs of these proceedings relating to the rescission of the order for a suspensive appeal, including the costs of this court, are to be borne by the plaintiffs, respondents in these proceedings; all other costs are to abide the final disposition of the case.