Raleigh J. Coker filed suit against Supreme Industrial Life Insurance Company, Inc., and Antonia M. Bossier claiming ownership of ten shares of stock of the said insurance company, issued in the name of Antonia M. Bossier, and praying for recognition of that ownership and for an injunction against the defendants restraining the defendant, Bossier, from voting the stock at any regular or special meeting of stockholders and from selling, donating or in any manner disposing of the said stock, and enjoining and prohibiting the defendant corporation from holding the regular annual meeting or any other meetings of stockholders.
Exceptions of no cause and no right of action were filed. When the matter came up for trial on the rule for a preliminary injunction, a judgment was rendered denying the preliminary injunction, maintaining the exceptions and dismissing the suit on the exceptions. Plaintiff filed motion for a devolutive and a suspensive appeal. The district judge granted a devolutive appeal but refused to grant the suspensive appeal.
The plaintiff, as relator, has applied to this court for the necessary orders to require the granting of the suspensive appeal. The respondents and the respondent judge, in answer to the rule to show cause, assert that there may not be granted a suspensive appeal from a judgment denying a preliminary injunction, and they cite section 5 of Act 29 of 1924.
Counsel for one of the respondents concedes that in Bujol v. Missouri Pac. R. Co., 207 La. 123, 20 So.2d 608, the Supreme Court considered this contention and held that where the judgment from which the suspensive appeal is sought not only refuses the preliminary injunction but also dismisses the suit in toto, a suspensive appeal may be granted. But he asserts that the Supreme Court was in error in so holding and that the dissenting opinion of the Chief Justice should have been adopted by the majority of the court and should be followed by us. In his brief, counsel says: "In spite of the jurisprudence established by the Supreme Court in the above matters, the majority Court took a different position in Bujol v. Missouri Pac. R. Co., 207 La. 123, 20 So.2d 608, and Justice Higgins, in support of his reasons, cited the very cases above outlined. Judge O'Niell, in a dissenting opinion, reviews the jurisprudence of the Supreme Court on these points and cites, for his support, the very cases relied upon by Justice Higgins. It is submitted that a dissenting opinion of Justice O'Niell is the law of this State by every rule of logic and reason and that, if the Judges of the Courts of Appeal are confused as to whether they should decide with the law as laid out before the Bujol case and the error in said case, as pointed out by Justice O'Niell in his dissent, then it is suggested that the matter be certified to the Supreme Court for decision."
We do not feel that we are privileged to do anything more then follow what the Supreme Court has plainly held in the Bujol case. In Agricultural Supply Co., Inc., v. Livigne,177 La. 15, 147 So. 365, the Supreme Court reached the same conclusion. See, also, Baton Rouge Production Credit Ass'n v. Newsom, La. App., 191 So. 154; State ex rel. Lindsay v. Hemenway, La. App., 159 So. 183.
It is therefore ordered that a peremptory writ of mandamus issue herein to the respondent judge, the Honorable Walter B. Hamlin, directing him to grant relator, Raleigh J. Coker, an order for a suspensive appeal to this Court, returnable according to law, from the judgment signed on March 15th, 1949, and to fix the amount of suspensive appeal bond.
Alternative writ of mandamus made peremptory. *Page 746