The judgment appealed from is therefore affirmed.

---

### (115 So. 283)

### No. 28888.

### MARTEL v. ROVIRA et al.

### In re MARTEL.

Nov. 28, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ☞71(3)—No right of appeal exists from mere order dissolving a restraining order (Act No. 29 of 1924, § 5).**

    Under Act No. 29 of 1924, § 5, no right of appeal exists from a mere order dissolving a restraining order.

2. **Appeal and error ☞71(3)—Judgment dissolving restraining order, refusing preliminary injunction, and dismissing suit for injunction, held final and appealable; "final order" (Act No. 29 of 1924, § 5).**

    A judgment dissolving a restraining order, refusing a preliminary injunction and dismissing a suit for an injunction, is a final order, and is appealable; plaintiff being allowed, under Act No. 29 of 1924, § 5, a devolutive appeal as a matter of right from order refusing preliminary injunction after hearing.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

3. **Appeal and error ☞158(1)—Payment of judgment by sureties held not such acquiescence by principal as to preclude his appealing from judgment dismissing his injunction suit involving judgment paid.**

    Payment of a judgment by a defendant's sureties, *held* not such acquiescence by the principal, the defendant, as to preclude his appealing from a judgment dismissing his injunctive suit relative to the collection of such paid judgment, since such payment discharged the judgment debt only as between the sureties and the party in whose favor the judgment was rendered and did not discharge it as between the principal and surety.

4. **Subrogation ☞7(1)—Surety, by payment of judgment, becomes subrogated to judgment creditor's rights against principal.**

    By the payment of a judgment rendered against a principal his surety becomes legally subrogated to the judgment creditor's rights against such principal.

---

Original application by J. Sully Martel for certiorari or writ of review directed to the Court of Appeal, or, in the alternative, for a writ of mandamus directed to the district court to compel the allowance of an appeal. Alternative writ of mandamus made peremptory.

Anna C. McCay, of New Orleans, for applicant.

Borah, Himel, Bloch & Borah, of Franklin, for respondent Edwin J. Rovira.

THOMPSON, J. The sheriff of the parish of St. Mary, in execution of a fi. fa. issued on a judgment in favor of Rovira et al. and against relator, seized and advertised for sale certain property of the judgment debtor.

Thereupon the latter applied to the district court for a preliminary injunction to arrest the sale of his property on grounds not necessary here to state.

A rule was issued on the seizing creditor to show cause why the said injunction should not issue as prayed for. In the meantime a restraining order was issued prohibiting the sheriff and seizing creditor from proceeding with the execution until further orders of court.

The seizing creditor then moved to dissolve the restraining order and for judgment for damages against Martel and the sureties on his bond, for the reason that the plaintiff's petition, upon which the restraining order

was issued, disclosed no right and no cause of action.

On a trial of this rule or motion, the restraining order was set aside, the suit for injunction dismissed, and judgment was rendered against Martel and his two sureties in solido for $75 damages and all costs.

The relator then applied to the district judge for a devolutive appeal from the judgment so rendered "dissolving the aforesaid injunction" and for a suspensive appeal from the judgment for damages.

Both appeals were denied, whereupon the relator applied to the Court of Appeal, First Circuit, for a mandamus to compel the district judge to grant relator the appeal prayed for.

That court refused to grant the mandamus, basing its refusal on section 5, Act 29 of 1924.

The relator by the present proceeding invokes the supervising power of this court to compel the Court of Appeal to issue the mandamus, or else that this court order the district judge to grant the appeal.

In response to the rule, the judges of the Court of Appeal allege that the relator sought an injunction and a stay order from the district judge and that, after a trial and hearing, the district judge refused to grant such injunction and stay order; that respondents, in the exercise of the legal discretion vested in them, refused to compel the district judge to grant the appeal under authority of section 5 of Act 29 of 1924.

The answer of the seizing creditor admits that the rule for a preliminary injunction was dismissed, and plaintiff's petition for injunction was dismissed on an exception of no right and no cause of action, but it is contended that no appeal was taken or sought by relator from that judgment and that relator is not entitled to an appeal from an order dissolving a restraining order.

[1] It is very clear that under the Act of 1924 no right of appeal exists from a mere order dissolving a restraining order, and, if the judgment had gone no further, the refusal of the appeal by the district judge and the Court of Appeal would have been justified under the statute. But the judgment went further than merely dissolving the restraining order; it refused a preliminary injunction and dismissed the relator's suit.

[2] It scarcely needs citation of authority to show that such a judgment is a final judgment, and that the plaintiff, whose suit is dismissed and whose demand is rejected, has the absolute right of appeal, if the case is otherwise appealable.

But, aside from this, the very act relied on by the respondents provides that a devolutive appeal may be taken as a matter of right from an order refusing a preliminary injunction after hearing.

In this case a hearing was had, and the judgment in that hearing not only dissolved the restraining order, but it refused the injunction, dismissed the suit, and condemned the relator and his sureties in damages.

From such a judgment the relator is allowed, by the statute, a devolutive appeal as a matter of right.

It is urged, however, by the seizing creditor, that the judgment for damages has been paid by the sureties, and that the writ of fi. fa. has been returned unsatisfied; hence the right of appeal, if the relator has had any, has been waived by acquiescence.

The acts of alleged acquiescence occurred after the relator's right of appeal had accrued, and the relator was no party to such alleged settlement.

[3, 4] Manifestly, the payment of the judgment by the sureties is not binding on relator and cannot affect his right to have the correctness of that judgment reviewed on appeal. The payment by the sureties discharged the judgment only as between them and the party in whose favor the judgment

was rendered. It has not been paid as between the sureties and their principal. By the payment, the sureties were legally subrogated to the right of the judgment creditor against their principal, and they can proceed to execute that judgment, if it is permitted to become final or is affirmed on appeal.

The alternative writ of mandamus is made peremptory, and it is now ordered that the district judge, in and for the parish of St. Mary, issue an order of devolutive appeal to relator from the judgment refusing a preliminary injunction and dismissing the relator's suit as well as the judgment for damages against relator and his sureties.

The said appeal to be made returnable to the Court of Appeal, First Circuit, according to law and the rules of said court, and the bond to be fixed for said appeal by said district judge.

The cost of this proceeding in this court and of the mandamus proceeding in the Court of Appeal to be paid by E. J. Rovira et al., judgment creditors of relator.