For the reasons assigned, the judgment appealed from is affirmed.

8 So.2d 694

## DUCROS et al. v. ST. BERNARD PARISH POLICE JURY.

No. 36614.

May 25, 1942.

R. A. Dowling, of New Orleans, for appellant.

George M. Leppert, of New Orleans, for appellees.

McCALEB, Justice.

On January 6, 1942, the Police Jury of the Parish of St. Bernard, passed ordinances providing for the extension of the existence of Road District No. 1 and Sub-Road District No. 1 of Road District No. 1 of the Parish of St. Bernard and further providing for the holding of a special election on February 24, 1942, for the purpose of submitting to the resident property taxpayers of the Road Districts a proposition to levy a tax of one and a half mills on the property situated within said districts for the maintenance, construction and improvement of public roads and highways.

On February 16, 1942, the plaintiffs, Arthur P. Ducros and others, alleging that they are citizens, residents and taxpayers of the Parish of St. Bernard and that they own property situated within Road District No. 1 and Sub-Road District No. 1

of Road District No. 1, instituted this suit in the district court against the St. Bernard Parish Police Jury in which they claim that the ordinances passed by the Police Jury on January 6, 1942, are null and void for the reason that the Road Districts were no longer in legal existence at the time said ordinances were enacted. Plaintiffs, invoking the equity powers of the court, prayed for the issuance of a temporary order restraining the Police Jury from proceeding with the special election called for February 24, 1942, and also for a rule nisi ordering the Police Jury to show cause why a preliminary injunction restraining it from holding the special election should not be granted. The plaintiffs further prayed that the ordinances of date January 6, 1942, be declared null and that a permanent injunction be finally granted against the Police Jury from holding or attempting to hold any election in the Road Districts having for its purpose a proposal to levy taxes for the maintenance or improvement of the roads and highways situated within said Districts.

Upon consideration of plaintiffs' petition, the district judge issued a temporary restraining order in accordance with the prayer of the petition, together with a rule nisi directed to the Police Jury to show cause on February 21, 1942, why a preliminary injunction should not be granted.

On the day fixed by the judge for the hearing of the rule for a preliminary injunction, the Police Jury appeared and moved to dissolve the temporary restraining order. It also filed an exception to the jurisdiction of the court ratione materiae,

an exception of no cause or right of action and an answer in which it set forth in substance that the two Road Districts under attack had been created by Act No. 118 of 1921 Ex.Sess.; that they had perpetual existence and that they could not be abolished except in the manner prescribed by Section 4 of Act No. 118 of 1921, Ex.Sess.

The judge overruled defendant's motion to dissolve the temporary restraining order, its exceptions to the jurisdiction and no right or cause of action and proceeded to hear the merits of the rule nisi. After a consideration of the matter, the judge made the rule absolute being of the opinion that there was a serious doubt as to whether the Road Districts had not passed out of existence in view of certain specific limitations contained in previous ordinances of the Police Jury. He, accordingly, issued a preliminary injunction against the Police Jury prohibiting, restraining and enjoining it from proceeding further with the special tax election which was scheduled to be held on February 24, 1942.

From this judgment, the Police Jury applied to this Court for writs of mandamus, certiorari and prohibition. The application was refused because it did not conform with the requirements of Section 7 of Rule 13 of this Court. The day after the refusal of the writs on the ground above stated, the Police Jury filed another application for writs. This application was refused for the reason that "Since the election, which is enjoined, was to be held on February 24, 1942, the issuance of writs at this time would be of no avail."

Thereafter, the Police Jury prosecuted a devolutive appeal from the judgment granting the preliminary injunction and it is this appeal which is now before us for determination.

Counsel for plaintiffs, in oral argument and in brief, suggests to us that the matter to be considered on this appeal is now moot because the judgment of the district court merely enjoins the Police Jury from holding the election which was scheduled for February 24, 1942, and that, inasmuch as the date upon which the election was to be held has long since passed, no relief could be granted to the defendant, even though we were to decide that the judge committed error in granting the injunction.

It is plain that the position taken by counsel for plaintiffs is correct. Since the date fixed in the ordinances for holding the election has elapsed, no relief could be granted by this Court which can now undo that which has already been done.

However, counsel for the Police Jury, while practically conceding in oral argument that this Court is without power to grant relief with respect to the issuance of the preliminary injunction, contends that the question to be decided on the merits of the case should nevertheless be determined on this appeal because this Court is compelled to review the action of the district judge in granting the temporary restraining order. And arguing that the lower court committed error in granting the temporary restraining order and that it should have been dissolved on defendant's motion, counsel maintains that the Police Jury is entitled to damages in the form of attorney's fees because of its wrongful issuance. In other words, the proposition is that, although the

temporary restraining order was not dissolved on the defendant's motion and although it expired by its own terms at the time the preliminary injunction was granted, this court should nonetheless decide the merits of the case because the Police Jury is entitled to recover an attorney's fee for the wrongful issuance of the order.

■ There is no substance whatever in counsel's contention. Should we undertake to decide that the temporary restraining order was wrongfully issued, it would be tantamount to the allowance of an appeal from that order in plain violation of Section 5 of Act 29 of 1924. That section provides:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree; ∗ ∗ ∗."

■ In Snowden v. Red River & Bayou des Glaises Levee, etc., 172 La. 447, 134 So. 389, 390, in speaking of temporary restraining orders, we said:

"That such an order is intended to serve only a temporary purpose appears, not only from the fact that in the very law that provides for its issuance it is designated a 'temporary restraining order,' but also from the fact that it expires within such time after entry as the court may fix, which

must not exceed ten days, unless within the time so fixed the order is extended for a like period for good cause shown. Section 2 of Act 29 of 1924. When the judge decides that the injunction should not issue, the restraining order has served its purpose. Therefore, no appeal, whether devolutive or suspensive, lies from an order, dissolving a restraining order. Section 5 of Act 29 of 1924." See, also, Martel v. Rovira, 164 La. 1099, 115 So. 283.

■ The temporary restraining order issued in this case expired, in accordance with law, on February 21, 1942, when the preliminary injunction issued. The order was not dissolved on the defendant's motion and no appeal from the refusal of the judge to dissolve it could be taken. Hence, we are without power to consider on this appeal whether the district judge erred in granting the temporary order which has already been dissolved by its own limitation.

■■ Aside from this, there is no merit to counsel's contention that attorney's fees should be awarded to him because the district judge refused to dissolve the restraining order. It is only where an attorney is successful in dissolving a temporary restraining order that he is entitled to attorney's fees. See Department of Conservation v. Reardon et al., 200 La. 491, 8 So.2d 353, where it is said:

"Attorneys' fees are not allowed for the dissolving of a temporary restraining order or a conservatory writ where the expense of the attorney's fee is not incurred exclusively for dissolving the temporary restraining order or the conservatory writ; hence a defendant's attorney's fee is not

allowable when a restraining order or conservatory writ is dissolved as a mere consequence of a rejection of the plaintiff's demand, or dismissal of his suit."

 The real question of law which must ultimately be decided on the merits of this case is whether the two road districts are still in existence. That matter has never been finally determined by the lower Court and cannot be adjudicated on this appeal. Since the date for the election, which was enjoined, has long since past, the question presented by this appeal is moot. Therefore, it is of no consequence whether the judge of the lower court erred in granting either the temporary restraining order or the writ of preliminary injunction.

For the reasons assigned, the appeal is dismissed.