16 So.2d 886

FOLSE v. ST. BERNARD PARISH
POLICE JURY.

No. 37279.

Jan. 3, 1944.
Rehearing Denied Feb. 7, 1944.

R. A. Dowling, of New Orleans, for defendant, appellant.

A. S. Cain, of New Orleans, for plaintiff, appellee.

HIGGINS, Justice.

The plaintiff, a citizen of this State and a taxpayer of St. Bernard Parish, residing within Road District No. 1 and Sub-Road District No. 1, instituted this action within the sixty day period provided for by Section 17 of Act 256 of 1910, challenging the legality and validity of the proceedings of the Police Jury of that Parish of March 3, 1942, in adopting ordinances submitting to the taxpayers the propositions to approve special taxes for the respective Road Districts, the election and returns showing the authorization for the special taxes and the proposed taxes themselves, and praying for an injunction to restrain the defendant from levying and enforcing the proposed special taxes. The basis of the attack is that when the respective Road Districts in question were created in July and August 1931, under ordinances and resolutions of the Police Jury, the life and existence of them was specifically limited to a period of five years from January 1, 1932 and, therefore, they legally expired on December 31, 1936; that nearly two years after the legal expiration of the Districts, the Police Jury, on May 3, 1938, adopted an ordinance seeking to "extend" the life of the Districts for an addi-tional term of two years or to January 1, 1942; that on January 6, 1942, the Police Jury passed an ordinance whereby it was sought to extend the legal existence of the two Districts for a period of four years beginning with the year 1942; and that the members of the Police Jury in 1938 and 1942 placed their own interpretation upon the ordinances of 1931, showing conclusively, that it was intended that the Road Districts would not have perpetual legal existence but would expire in the expressly limited period of time of five years and, therefore, the proposed special taxes are null and void for the reason that the Road Districts were legally non-existent at the time the Police Jury called and held the special election for the purpose of having the taxes authorized by the property taxpayers within them.

The defense is that the two Road Districts in controversy were created and established in 1931, in accordance with the provisions of Act 118 of 1921, Ex.Sess., as permanent districts, without any limitation on their legal existence; that while it is true the ordinances of the Police Jury passed in 1938 and 1942 stated that the Road Districts would be extended for additional periods of time, such statements were entirely unnecessary to the validity of the continued existence of the Road Districts, because under the ordinances and the statute creating them, they had perpetual life and the statements concerning extension of the life of the Districts should be treated as mere surplusage; and that a reading of the ordinances of 1938 and 1942 reveals that the sole purpose and necessity for the pass-

ing of them was to submit to the taxpayers within the Districts a proposal to authorize the special taxes for an additional period of time, because under the ordinances of 1931 creating the Districts the tax paying voters had authorized the levying and collecting of the special taxes for a period of five years only.

The special judge assigned by this Court to St. Bernard Parish issued a temporary restraining order and subsequently a preliminary injunction prohibiting the Police Jury from proceeding further to carry into effect the proposed special taxes as authorized in the election of April 1942, but, on the trial of the case on the merits, he declined to issue a permanent injunction and dismissed the plaintiff's suit.

Upon the plaintiff's application for a rehearing, under the provisions of Act 10 of 1926 (563.3 Dart's La. Code of Practice) and motion for a new trial under Section 1 of Act 247 of 1908 (560.1 Dart's La. Code of Practice), filed within three days after the judgment was rendered, a rehearing was granted on the ground that it appeared that certain documentary evidence was introduced and testimony was taken but had not been placed in the record by the Clerk of Court at the time the trial judge decided the case on the merits. The matter was then heard on the merits before a newly elected regular judge of the district and he upheld the contentions of the plaintiff on the grounds above stated and issued the injunction.

The defendant appealed.

The record shows that in the resolutions of the Police Jury dated July 7, 1931, proposing to create the Road Districts, the minutes of the public hearing conducted under the resolution and Section 3 of Act 118 of 1921, Ex.Sess., and the resolutions adopted creating the Districts, nothing is expressly or impliedly stated that would in the slightest indicate that the legal existence of the Road Districts was being limited to a period of five years.

The proposals submitted to the taxpayers in 1931 for Road District No. 1 and Sub-Road District No. 1 are identical, except as to name, and read:

"Proposition to levy a one mill ($.001 tax on all of the property subject to State taxation within Road District No. 1 of the Parish of St. Bernard, State of Louisiana, for a period of five (5) years, beginning with the year 1932, both inclusive, for the purpose of maintaining, constructing, and improving public roads and highways within the said Road Districts title to which shall be in the public."

It will be noted that the "one mill" special tax was to be for a period of five years but not the legal existence of the Road Districts. That question was in no way involved and only became a controversial matter as a result of the Police Jury's statement in 1938 and 1942 that the Districts be extended.

The pertinent part of Section 5 of Act 118 of 1921 Ex.Sess. reads as follows:

"Such road districts and sub-road districts created hereunder shall constitute

public corporations, and as such shall have all the powers of public corporations, shall have perpetual existence, shall have the right and power to incur debt," etc.

Section 4 of that statute establishing the authority in the Police Jury to abolish a Road District and setting up the procedure through which it may accomplish that purpose, provides:

"The Police Jury may repeal any ordinance creating a road district, or may abolish a road district in its entirety, or may change or alter the boundaries thereof; provided, however, that neither the existence nor the territorial boundaries of a road district shall be affected in any manner which shall impair any obligations that may have been incurred by the road district during the period of its existence; provided, also, that a preliminary resolution declaring the intention of the Police Jury to repeal or to abolish or to alter the boundaries shall be adopted, fixing a date for hearing, and notice of such hearing shall be given in the manner herein prescribed as in the case of the formation of a road district and a hearing shall be had thereon before any order shall be entered in any manner affecting the existence or territorial limits of any road district."

The Police Jury of St. Bernard Parish has never passed any resolution to abolish either of these Road Districts by doing anything which would indicate in the slightest way an intention to accomplish that purpose under Section 4 of Act 118 of 1921, above quoted. It did not pass any preliminary resolution, fix a date for a hearing,

nor give notice of such hearing. The only possible theory upon which an argument can be based that the Road Districts were abolished by expiration of the time limit placed upon their legal existence by the Police Jury itself is the fact that the Police Jury did in its ordinances of 1938 and 1942 state that Road District No. 1 and Sub-Road District No. 1 were extended for the respective periods of time therein set forth. However, the propositions submitted to the taxpayers in 1938 were to authorize the special taxes covering the two districts and are identical, except as to the name of the district. One of them reads:

"Proposition to levy a One and One-Half mill ($.0015) tax on all property subject to State taxation within Road District No. 1 of the Parish of St. Bernard, State of Louisiana, for a period of Four years, beginning with the year 1938, for the purpose of maintaining, constructing and improving public roads and highways within said Road District, title to which shall be in the public."

The authority to levy and collect the taxes was approved by a majority in number and amount of the taxpayers participating in the election. The propositions in the ordinances of January 6, 1942 with reference to the two districts are identical except that the proposed tax for Road District No. 1 was one and one-half mills and for Sub-Road District No. 1 was one and three-fourths mills. One of them is as follows:

"Proposition to levy a One and One-Half ($.0015) Mill Tax on all of the property subject to State taxation within Road District

No. 1 of the Parish of St. Bernard, State of Louisiana, for a period of Four (4) Years, beginning with the year 1942, and ending with the year 1945, both inclusive, for the purpose of maintaining, constructing and improving public roads and highways within said Road District, title of which shall be in the public."

The proceedings of the Police Jury of January 6, 1942, were contested in the cases of Ducros et als. v. St. Bernard Parish Police Jury, No. 2693, and Folse et als. v. Police Jury, Nos. 2639 and 2661, of the Docket of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard and a preliminary injunction was granted after a trial. Certain phases of this litigation were considered by us under proceedings Ducros v. St. Bernard Parish Police Jury, 200 La. 766, 8 So.2d 694, and Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892. Thereupon, the Police Jury adopted the ordinances of March 3, 1943 submitting the above identical proposition to the taxpayers but eliminating from the ordinances the statements that Road District No. 1 and Sub-Road District No. 1 were being extended for an additional period of four years. In short, in none of the proposals submitted to the taxpaying voters in 1931, 1938 or 1942 was there ever anything expressly or impliedly stated about the life of the Road Districts being extended. The sole matter submitted to the people was the extension of the special taxes for those Road Districts for the stated respective periods of time.

▮ Under the above facts and circumstances it is our opinion that it cannot be reasonably said that it was the intention of the Police Jury to create and establish the two Road Districts in question for a limited period of time or to accomplish their abolishment by making them nonexistent after a specified time had elapsed. It was mere inadvertence on the part of the drafter of the ordinances of 1938 and January 6, 1942, to state therein that the life or period of legal existence of the Road Districts themselves were being extended. The only reason and legal necessity for passing the ordinances was to submit to the taxpayers the question of whether or not they would authorize extending the said taxes for the additional period of time specified and as we have already stated, as a matter of fact, that is all that was submitted to the taxpayers for their approval.

▮ The plaintiff also contended that the defendant having failed to institute any proceedings after the promulgation of the returns of the special tax election of 1938 within the sixty day prescriptive period provided by Section 17 of Act 256 of 1910, attacking the validity of that portion of the ordinance limiting the Road Districts' legal existence for a period of four additional years ending in 1941, it is without any remedy at this time to have that legal error corrected because the right to do so has prescribed. It was legally unnecessary to have the erroneous statement in the ordinance corrected because it was purely surplusage and wholly unnecessary to the validity thereof, the sole purpose and legal necessity of the ordinance was to submit to the voting taxpayers in those Road Districts the proposition of whether or not the spe-

cial taxes themselves—not the legal existence of the Road Districts—would be continued for the additional period of four years or through 1941. Furthermore, we have already found as a fact that the Police Jury had no intention of abolishing the Districts by placing that statement in the ordinances and its presence therein was a mere inadvertence.

For the reasons assigned, the judgment of the district court is annulled and set aside, the permanent injunction recalled, and the plaintiff's suit dismissed at his costs.