SAMUEL, Judge.
This matter is before us on a motion to dismiss an appeal. The petition alleges that, relying upon certain false and fraudulent representations made to them by one of the defendants, plaintiffs were induced to enter into a purchase and sale of stock with a stock pledge. The petition seeks to have the sale and pledge rescinded and cancelled and the consideration paid by plaintiffs refunded, or in the alternative, the price reduced, and also seeks injunctive relief by way of a temporary restraining order, and in due course preliminary and permanent injunctions, prohibiting the defendants from conveying or transferring the stock certificates involved to anyone other than petitioners.
The trial court granted an ex parte temporary restraining order which not only prohibited the conveying or transferring of the stock but also required the defendants to impound and deposit the stock certificates with the Clerk of the District Court pending the further orders of the Court, the latter being relief not prayed for in the petition.
The defendants filed exceptions and motions to dissolve the restraining order based *623 principally on the grounds that such an order cannot require affirmative action and that no such action was prayed for in the petition.
The motions to dissolve and the rule for preliminary injunction were heard at the same time with reservation of defendants’ rights under the motions. After the hearing the trial court rendered a judgment overruling the exceptions and granting a preliminary injunction restraining and enjoining the defendants from conveying or transferring the stock in question. Defendants have appealed.
The preliminary injunction did not include the mandatory provision, contained in the restraining order, requiring deposit of the stock with the Clerk of Court and defendants concede that the provision, contained in both the restraining order and the preliminary injunction, which prohibits them from conveying or transferring the stock is proper and have no objection thereto ; they have voluntarily and unconditionally acquiesced in that portion of the judgment. They object only to the mandatory provision contained in the restraining order but not contained in the preliminary injunction.
The motion to dismiss is based upon several grounds but we find it necessary to consider only the one which is concerned with the provisions of Article 3612 of the Code of Civil Procedure (LSA-C.C.P. Art. 3612). The first paragraph of that Article reads: "There shall be no appeal from an order relating to a temporary restraining order.”
Since it is quite clear that there is nothing more involved here than the refusal of the court to dissolve a temporary restraining order and since it is also quite clear that the dissolving of, or the refusal to dissolve, a temporary restraining order is “an order relating to a temporary restraining order”, there can be no appeal therefrom under the quoted specific provision of Article 3612. See Darmana v. New Orleans Stock Yard, 226 La. 897, 77 So.2d 528; Martel v. Ro-vira, 164 La. 1099, 115 So. 283; Hanna Motor Co. v. Williams, 6 La.App. 177.
For the reasons assigned, the appeal taken by the defendants is dismissed; costs to be paid by said defendants.
Motion to dismiss maintained.