(122 So. 59)

No. 29802.

TOWN OF LEESVILLE v. KAPOTSKY.

In re KAPOTSKY.

March 25, 1929. Rehearing Denied April 22, 1929.

S. I. Foster, of Leesville, for relator.

L. D. Woosley and A. B. Cavanaugh, both of Leesville, for respondent.

ROGERS, J. Relator applies for a mandamus to compel the district judge to allow him a suspensive appeal from a judgment ordering prohibitory and mandatory injunctions to issue, restraining him from obstructing a certain drainage ditch, and commanding him to forthwith remove the obstructions.

Plaintiff, the town of Leesville, alleges that the defendant, Albert Kapotsky, had closed a natural drain which extended across his property, thereby obstructing the natural flow of the water and creating a cesspool opposite his property, to the injury of the health and life of the inhabitants of the municipality.

Plaintiff, further alleges, in the alternative, that in the latter part of the year 1926 under a contract to which the Louisiana highway commission was a party, it caused to be hard-surfaced one of its streets, forming part of the state highway system. That in the performance of the work it caused to be placed under the street opposite the property of defendant, which abutted thereon, a concrete culvert, which, together with a lateral ditch that it constructed across defendant's property with his permission, carried the storm and surface waters from the west side of the street to a natural drain along the right of way of the Kansas City Southern Railroad; that defendant acquiesced in the construction of the culvert and of the lateral drainage ditch, which has been in use for about two years, and is now estopped to complain; that, notwithstanding this estoppel, and his lack of lawful authority, defendant has obstructed the lateral drainage ditch adjacent to the exit of the concrete culvert, thereby preventing the flow of water through the culvert and ditch, causing the formation of a cesspool on the west side of the street and creating a public nuisance.

Plaintiff prays for the issuance of preliminary writs of injunction, prohibitory and mandatory, after a hearing on a rule nisi, prohibiting defendant from further obstructing the drainage of the street in question and commanding him to remove the obstructions he had placed in the lateral drainage ditch constructed on his property, and for the perpetuating of the writs of injunction on final hearing, with a judgment in its favor of $500 as attorney's fees.

On the day fixed for the hearing on the rule nisi, defendant appeared and excepted to the petition. The exceptions were referred to the merits. Defendant then answered, denying generally the allegations of the petition, except as otherwise admitted. Defendant averred that the placing of the concrete culvert opposite his property was without his consent and over his protest, and was unlawful, because it displaced an established culvert, constituting a natural drain, lying 40 feet or more west of his property, which was filled up in the construction of the street; that when the concrete culvert was completed he refused to permit any excavation on his property, so that when the street was finished there was no outlet for the water forced into the culvert; that subsequently, as the result of a heavy rainfall, the water backed up, forming a lake, on the west side of the street opposite his property; that at that time the plaintiff municipality, through its then mayor and street commissioner, appealed to defendant for permission to dig a temporary drainage ditch across his property to relieve the situation; that he agreed to this, upon the reciprocal agreement of the municipal au-

thorities to construct and continue in a safe manner the concrete culvert across and under the surface of his property, so as not to damage the property, thus securing drainage to the natural drain extending along the right of way of the Kansas City Southern Railroad; that he entered into this agreement in good faith, believing the plaintiff municipality would construct the culvert, but notwithstanding his repeated efforts he was unable to get it to do so.

Defendant further alleged that the force of the water flowing through the temporary drainage ditch damaged his property, and that he was put to considerable expense in hauling dirt to repair the damage, during all of which time he was calling upon the municipality to comply with its agreement; that, a change of administration having taken place in the municipality, he secured the services of an attorney and went before the town council, in regular session, and demanded that the town comply with its agreement; that this was in the spring of the year 1928; that, in accordance with his demand, the town council appointed a committee to visit his premises and make a report; that the committee, after an investigation, made a verbal report, to the effect that, if a culvert was necessary across the property of defendant, it should be provided by defendant himself, and not by the municipality; that, after he learned of the committee's report, defendant caused a letter to be addressed to each of the municipal authorities, in which he set forth the immediate need of his lot for building purposes, and urged that the concrete culvert be constructed according to the agreement, giving notice of his intention, after a delay of 10 days, to fill up the ditch and begin the erection of his building; that all of the municipal authorities received the letters, and that, notwithstanding he waited an ad-

ditional 30 days, they failed to make any response thereto or to take any action thereon; that, having exhausted all equitable means in the premises, he filled up the drainage ditch and constructed on and across his property the concrete wall or foundation complained of in plaintiff's petition, upon which he erected a building worth approximately $3,500.

Defendant further alleged that no complaint was made to him concerning the conditions thus created until after he had erected his building, the rains began to fall, and the water failed to find an outlet, although the municipal authorities had full knowledge that he was filling up the drainage ditch and constructing the foundation of his building. Defendant prayed for the dismissal of plaintiff's suit, with reservation of his right to an action for damages.

After defendant's exceptions were referred to the merits, the rule nisi was taken up and heard on the face of the papers, and the district judge then granted the preliminary writs of injunction, prohibitory and mandatory, complained of herein by relator. The following day, at motion hour and in open court, pursuant to notice to plaintiff's attorneys, the defendant applied for a suspensive appeal from the order of court granting the injunctions. In his application, defendant reaffirmed many of the allegations of his answer, and showed that the execution of the mandatory injunction would destroy his building and damage his lot of ground, and that plaintiff had other suitable and available means of providing an outlet for the surplus water without bringing it across his property. Defendant's application was opposed by plaintiff's attorneys, who were present, and was denied by the district judge. Defendant thereupon petitioned this court for relief.

The respondent judge assigns many reasons, consisting of a summary of the facts

set forth both in the petition and answer, why relator's application should not be granted. He avers that, because of these facts, he was justified in issuing the writs of injunction, and, under his legal discretion, in refusing defendant a suspensive appeal from his order.

■■ It is well settled, under our jurisprudence, that a mandatory injunction will issue in the enforcement of a judgment or decree, or as an auxiliary to a prohibitory injunction previously granted. Broussard v. Cormier, 154 La. 877, 98 So. 403, and authorities therein cited. Such injunction, however, should never be granted ex parte, but only after hearing either on rule or on the merits. Id.; Act 29 of 1924, § 2.

■■ The rule of practice was sufficiently followed in the instant case to subject to our revision the decision of the district judge on the issue submitted. Act 29 of 1924, § 5. A devolutive appeal, to which under the statute defendant is entitled as a matter of right, would be of no value whatever to him: Hence the question for us to determine is whether the case presents any exceptional features bringing it within the proviso of the legislative act, and authorizing the court to grant the party enjoined a suspensive appeal from the order granting the preliminary injunctions. We think it does.

The state of facts as disclosed by the pleadings is such as to warrant the court in maintaining the status quo until the respective rights of the parties can be determined on the trial of the merits. Defendant shows, prima facie, that he is the owner and in possession of valuable property, which the plaintiff, without legal claim thereto, purposes to destroy under the protection of a mandatory injunction. It is true that the order complained of is an interlocutory one, but Act 29 of 1924, § 5, expressly authorizes an appeal, devolutive of right and suspensive by favor, from such an order. The right of appeal is a constitutional right and is always jealously guarded by the courts. An appeal must be effective; otherwise, it becomes a useless formality. In the case presently before us only a suspensive appeal will avail defendant for the protection of his rights. Such an appeal will not impose any unnecessary hardship upon the respondent municipality. The conditions complained of in the petition have existed for a number of months, and the short delay required for a final decision of the controversy between the parties will not materially augment the damage, if any, suffered by plaintiff. On the other hand, to dispossess defendant and destroy his property, in advance of a hearing on the merits, will, in its immediate consequences, cause him so serious an injury as to be considered irreparable, if on the trial of the merits his defense should prevail. If we err, it will be on the side of safety, since the rights of the parties litigant can be finally determined in due course of the litigation, pending which the plaintiff will be protected by the appeal bond against all damages it may suffer by reason of the suspension of the order for the injunctions. Act 29 of 1924, § 5.

What we have said herein is not intended as the expression of an opinion on the merits of the case. The issue therein presented is not, and cannot be, raised in this proceeding.

For the reasons assigned, the rule nisi herein issued is made absolute, and, accordingly, the judge of the district court is ordered, to grant the defendant, Albert Kapotsky, a suspensive appeal from his judgment or order, dated February 18, 1929, for prohibitory and mandatory injunctions, upon defendant furnishing his bond for such sum as the judge

may fix, and conditioned, as provided in Act 29 of 1924, § 5. The costs of these supervisory proceedings to be paid by plaintiff, the town of Leesville.