For the reasons assigned the judgment appealed from is affirmed.

100 So.2d 474

Ernest CARTWRIGHT et al.

v.

POLICE JURY OF BOSSIER PARISH.

In re: Ernest Cartwright et al., Applying for Stay Order, Writ of Preliminary Injunction, or in the Alternative, Review, Prohibition and Mandamus: Parish of Bossier.

No. 43616.

Nov. 12, 1957.

Rehearing Denied Feb. 10, 1958.

Horace M. Bickhan, Jr., Vivian, for plaintiffs-relators.

Louis H. Padgett, Jr., Dist. Atty., Bossier City, for defendants-respondents.

HAMITER, Justice.

As residents and qualified electors of the Parish of Bossier plaintiffs instituted this action against the police jury, the sheriff and the district attorney of such parish to have declared null and void an ordinance (No. 315) of the Bossier Parish Police Jury prohibiting the sale of alcoholic beverages throughout Ward 6 of the named governmental subdivision, as well as a local option election held on April 9, 1957 the results of which the ordinance sought to render effective, and to enjoin the enforcement thereof.

In the original and supplemental petitions plaintiffs set forth numerous grounds for making the attack, all relating to the manner of calling and holding the election. Additionally, they alleged that they have legally engaged in the selling of alcoholic beverages in Ward 6 for a number of years; that the business and stock in trade of each was and is of a value exceeding $2000; and that unless enjoined the defendants will institute criminal or civil proceedings against them, thereby in effect destroying their personal and property rights and causing them irreparable injury.

On the day fixed for the hearing of a rule for a preliminary injunction the defendants first tendered exceptions to the jurisdiction rationae materiae and of no right and no cause of action. When these were referred to the merits the defendants filed an answer in which they denied all of the alleged unauthorized and improper acts respecting the calling and holding of the election and further denied that plaintiffs would sustain irreparable injury.

On the hearing of the rule nisi no evidence was offered by either plaintiffs or

defendants. Rather, by agreement of counsel, the rule was argued and submitted on the pleadings. Thereupon, the district judge recalled the rule and denied the preliminary injunction. From this ruling plaintiffs were granted a devolutive appeal to the Court of Appeal, Second Circuit.

Shortly thereafter, plaintiffs applied to this court (during its vacation period) for supervisory writs, praying primarily that we issue (or order the district judge to issue) a preliminary injunction restraining the defendants from enforcing the mandate of the purported election until final appellate determination of their demands. Opposing in writing the granting of such relief the judge called attention to the fact that the rule was submitted by agreement of counsel without evidence and on the pleadings, and he observed: " * * * under these circumstances the Court did not feel it had any evidence before it to justify the issuance of a preliminary injunction * * *.

" * * * the Court feels that it has not abused its discretion in refusing a preliminary injunction, but rather that it would have been a rank injustice to have granted such an injunction based purely on mere allegations in a petition which were denied by the defendants."

Pursuant to the application an order issued from this court (authorized by two of the Justices) directing the district judge to issue the preliminary injunction or, on his failure to do so, to send up the record in the proceedings (or a certified copy thereof) and to show cause on or before October 14, 1957 why the relief prayed for by relators should not be granted. Additionally, the order stayed, during the mentioned interim, enforcement of the assailed ordinance and all further proceedings in the district court.

The judge did not issue the preliminary injunction, as directed. Instead, he complied with the alternate directive by forwarding here a certified copy of the record and an answer in which he set forth the reasons for his ruling on the rule nisi. In the answer, among other things, he states: "On the return day of the rule, there was no evidence offered by sworn witnesses, documents, affidavits, or otherwise, to substantiate relators claim. As the minutes correctly reflect, the matter was submitted on the face of the pleadings. In other words, the lower court had before it a sworn petition, which alleged certain irregularities in the election together with threatened irreparable injury to them, if a preliminary injunction was not issued. It likewise had before it an answer of the defendants, which was likewise sworn to in which all of the allegations were denied. The Court, therefore, had no evidence before it, upon which to issue a preliminary

injunction and accordingly the rule was recalled and the preliminary injunction was denied.

\* \* \* \* \* \*

" \* \* \* There was no evidence in this case. In fact, if this Court issues a preliminary injunction in this case, it will, in effect, say that in every case properly brought to set aside the result of a local option election an applicant is entitled as a matter of right to a preliminary injunction. I respectfully submit that this was not the intention of the lawmakers, because the statute does not so provide."

On October 14, 1957, on briefs and without oral argument, the matter was submitted for our further consideration.

■ After reviewing the record of the proceedings in the district court we are unable to hold that the trial judge erred in denying the preliminary injunction. As before shown he had before him at the time of the ruling merely the allegations of plaintiffs (contradicted categorically in the answer of defendants) that the election was illegally held and that they would suffer irreparable injury as a result thereof. No proof thereof whatever had been made warranting a conclusion that very likely the complaints of plaintiffs were well founded.

■ To conclude that the requested writ should have been issued under the circumstances pointed out is to say that plaintiffs were entitled to the preliminary injunction as a matter of right. But quite the contrary was and is intended by the applicable statutory law, it being LRS 13:4062 (Act 29 of 1924). See American National Bank v. Bauman, 173 La. 336, 137 So. 54, 55. That statute makes provision for a hearing contradictorily with the parties sought to be enjoined and for the granting of injunctive relief only after proof in support of the verified allegations of the application is furnished. As was well said in the American National Bank case: "The object had in view, in enacting the act of 1924, was to rid the state of the abuse to which the ex parte issuance of the writ of injunction had been subjected for many years, by arranging the procedure for its issuance so that the judge would have to act no longer blindly on the face of the application for the writ, but would be placed in position to act with the crucial facts before him, obtained contradictorily with the party, sought to be enjoined, after a prompt hearing, \* \* \*."

Situations almost identical with the one here were involved in McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So. 2d 424, and McCrary v. Police Jury of Caddo Parish, 225 La. 489, 73 So.2d 431, our rulings in which were rendered on December 2, 1952. In each of those causes the plaintiff liquor dealers attacked a local

option election and the enforcing police jury ordinance, they setting forth many reasons why the election was illegally called and held and alleging that enforcement of the ordinance would destroy their personal and property rights (including the business and stock in trade of each valued at more than $2000) and cause them to suffer irreparable wrong and injury. The district court denied the requested preliminary injunction and dismissed the suit on an exception of no cause of action. Plaintiffs appealed to the Second Circuit Court of Appeal and, during the pendency of the appeal, applied to this court (invoking our supervisory powers) for the same injunctive relief that the instant relators are seeking—that is, to restrain enforcement of the ordinance until final appellate determination of plaintiffs' demands. In acting upon the application in each case we ruled: "Writs refused—the showing made is not one in which we should exercise our supervisory jurisdiction."

Incidentally, the merits of the McGee and McCrary cases were ultimately considered by this court (on writs of certiorari to the Court of Appeal), and the elections and ordinances therein involved were decreed (by the majority holdings) to be null and void. See 225 La. 471 and 489, 73 So.2d 424 and 431.

Relators cite and rely principally on Waggoner v. Grant Parish Police Jury, 198 La. 798, 4 So.2d 833, 835, a local option election contest in which we directed the district court to issue a preliminary writ of injunction. But that case is not authority for reaching the result sought here; it is easily and clearly distinguishable from the instant proceeding. On trial of the rule nisi therein the plaintiffs, in support of the allegations of their petition, produced numerous documents and the testimony of 122 witnesses, the greater portion of which related to the alleged irregularities that occurred in the calling and holding of the election. That proof, as an examination of the record containing it and our opinion in the cause will disclose, indicated that very likely the election proceedings were improperly conducted and that, therefore, it justified the protecting of the personal and property rights of plaintiffs until a final determination of the litigation in their favor. In this connection we said: "According to the showing made by relators in their application for the writs, and because of certain admissions made by respondents in their answers, we seriously doubt the validity of the judgment rendered by the trial judge, although we do not at this time definitely and finally decide the issues raised. * * *" As before stated, no evidence whatever was offered in this pro-

ceeding to support plaintiffs' material allegations which the defendants wholly denied.

True, when we later considered on an appeal the merits of the Waggoner case we ordered that the previously issued preliminary injunction be set aside and annulled and we affirmed the judgment of the district court which rejected plaintiffs' demands. Nevertheless, this does not alter the fact that when exercising our supervisory powers in the case we entertained considerable doubt, because of the strong showing made by plaintiffs and the admissions of the defendants, as to the validity of the assailed election and ordinance.

Also cited by relators and inapplicable here are Town of Leesville v. Kapotsky, 168 La. 342, 122 So. 59 and Holland v. Police Jury of Vernon Parish, La.App., 56 So.2d 583. In neither were we called upon to review a ruling which denied a preliminary injunction under circumstances similar to those appearing in this cause.

For the reasons assigned the order heretofore rendered herein by us is now recalled and cancelled in its entirety and the rule issued thereunder is discharged. Costs of the proceedings in this court shall be paid by plaintiffs, and all other costs shall await final determination of the litigation.

SIMON, J., dissents.